Ephraim Flint *versus* John E. Sawyer.

The title arising to a town by a forfeiture of non-resident lands for the non-payment of town taxes, is not perfected, unless nine months fully expire after the date of the assessment, and *before* the collector makes to the treasurer a certificate of the delinquency, to pay the tax; nor unless the treasurer *authenticate as true,* the copy of his printed advertisement, lodged with the clerk; nor unless it appear that the collector had a warrant from the assessors to collect the tax.

Trespass quare clausum. The acts complained of are admitted. The plaintiff claims title to the *locus in quo*, by virtue of a deed from the treasurer of the town, which, it is admitted, the treasurer was authorized to give. At the time of the conveyance, the town claimed title to the land, by reason of its having been forfeited for the non-payment of taxes assessed upon the same, August 14th, 1844, the same

having been taxed at that time, to Henry N. Pollard or unknown, as lot No. one, in the first range, containing one hundred acres.

The plaintiff, to sustain his title, offered the deed and also the assessment of the town, in 1844, signed by the assessors, and an attested copy from the records of the town of the treasurer's advertisement, dated July 7, 1845, it being admitted, that said notice was published in the "Age," a newspaper published in Augusta, by the printer to the State, on the 18th and 25th days of July, and the 1st day of August, 1845. The tax upon said land remaining unpaid for the term of two years from the date of the assessment, the treasurer made his second advertisement, in said newspaper, dated August 15th, 1846, which was published on the 21st and 28th days of August and the 4th day of September, 1846.

The defendant, to defeat the plaintiff's title, introduced an attested copy of the town treasurer's record of the collector's return to him, dated May 13th, 1845.

*E. Flint, pro se.*

No assessment shall be void by reason of any error, mistake or omission by the assessors, collector or treasurer. R. S. c. 14, § 88. The assessment is signed by the assessors, and that is sufficient.

To prove that the title was in the town at the time the same was deeded to the plaintiff, it is sufficient to produce the assessment, signed by the assessors, and prove that notice of such assessment was advertised as the statute provides. R. S. chap. 14, sect. 87. The mode of advertising, as provided in sect. 77 and 82, of chap. 14, was changed by chap. 123, of the act of 1844, and the advertisement in this case was made agreeably to the provisions of that chapter.

*J. Appleton,* for defendant, among other points in defence, presented the following : —

The collector's return should not be made until after nine months from the assessment. That time is allowed the owner

in which to make payment. But, in this case, the nine months had not expired.

The treasurer's certificate of the advertisement does not comply with the statute. It is not officially authenticated. Stat. of 1844, c. 123, § 2 and 3.

R. S. c. 14, § 87, applies only to the preceding sections 77 and 82. It cannot apply to subsequent legislation. And those sections 77 and 82 are repealed by the act of 1844. And if not repealed, they were not complied with.

It no where appears that the collector had the bills with a legal warrant for their collection, without which, his proceedings would be void. The warrant to collect does not appear, nor that he had any.

SHEPLEY, C. J. — The case is presented upon an agreed statement of facts. The town of Elliotsville, by its treasurer duly authorized, conveyed to the plaintiff, lot numbered one in the first range in that town, upon which the trespass is alleged to have been committed. The title of the town rests upon an assessment made in the year 1844 upon that lot, and upon such proceedings, as the statute requires to collect that tax, without success.

Several objections have been made to the validity of the assessment and proceedings, three of which, only, will be noticed.

1. The first section of the act approved on March 22, 1844, c. 123, additional to the fourteenth chapter of the Revised Statutes, provides, when no person shall appear to discharge the taxes, duly assessed on lands owned by non-residents, " within nine months from the date of the assessment, the collector shall make a true copy of so much of the assessment, as relates to taxes due on such real estate, and certify the same to the treasurer of the town or plantation."

It is agreed, that the assessment was made on August 14, 1844. The collector made his return, bearing date on May 13, 1845.

When a statute requires an act to be performed in a certain time from the date of some transaction, the day of such date is excluded, in the computation of the time. *Windsor* v. *China,* 4 Greenl. 298 ; *Moore* v. *Bond,* 18 Maine, 142 ; *Rand* v. *Rand,* 4 N. H. 267 ; *Bigelow* v. *Willson,* 1 Pick. 485 ; *Jackson* v. *Van Valkenburgh,* 8 Cowen, 260 ; *Sims* v. *Hampton,* 1 S. & R. 411.

The collector should have waited during all the business hours of the fourteenth day of May, 1845, for the owner of the land to pay the tax upon it, before he made his certificate to the town treasurer. The owner of the land was entitled to the full term of nine months, in which he could make his payment without costs.

The collector's return does not appear to have been received by the treasurer, until the fifteenth day of that month, but the return is made of those lands, on which the taxes had not been paid on the thirteenth day, and they might have been paid on the following day, and within the nine months allowed therefor, and the certificate of the collector and the record of the treasurer, both be true.

2. The treasurer is required by the second and third sections to advertise the names of the owners with the sum of the taxes on the lands respectively, in the newspaper published by the printer to the State, and to lodge with the clerk of the town, where the lands lie, a copy of the advertisement.

The treasurer in this case did lodge with the town on July 7, 1845, a paper by him subscribed, which, from its form and language, might well be believed to be such a copy ; but there is no authentication of it, proving it to be a copy of such advertisement. There could be no legal proof, that it was such a copy, without some official attestation or authentication of it as such. This difficulty is however obviated by the agreed statement, that the paper marked C is an attested copy " of said treasurer's advertisements, dated July 7, 1845."

To establish its title, the town was required by statute, chap. 14, sect. 87, to prove, that notice of the assessment was ad-

Flint *v.* Sawyer.

vertised by the treasurer, as provided in sections seventy-seven and eighty-two of that chapter. Those sections were repealed by the act of March 22, 1844, and the proof must be made according to its provisions. There is a failure in the manner before stated, to prove a compliance with its provisions on the part of the collector in making his return to the treasurer.

3. It does not appear that the collector had received any warrant from the assessors to collect the taxes.

*Plaintiff nonsuit.*