## STROUD *vs.* BUTLER.

18b      327
f 66 AD   99

18b      327
e174 NY²293
e174 NY⁴293

Where a warrant issued by the trustees of a school district, for the collection of a school tax, directs the collector to collect the amount of the assessments, *together with five cents on each dollar, for his fees*, this is an excess of authority in the trustees, so far as relates to the fees of the collector, and the warrant is no protection to the collector; the irregularity being apparent upon the face of the warrant.

For an erroneous charge of a justice to the jury, upon a question of law, the judgment will be reversed.

The powers of a school district collector, derived from a warrant issued for the collection of a tax or rate bill, cease with the expiration of the time limited in the warrant, for the collection of the tax or rate bill, when his liability for not collecting &c. becomes fixed; unless the warrant is renewed by the trustees.

If he sells property after the expiration of the time limited in the warrant, he acts without authority, and becomes a trespasser.

THIS was an appeal from a judgment of the county court of Steuben county, reversing the judgment of a justice of the peace. The plaintiff brought an action before the justice against the defendant together with George Edwards and William B. Miller, and complained against them for taking and converting to their own use, one cow belonging to her, of the value of $40, and claiming judgment for that sum. The defendants before the justice, denied the complaint generally, and set up as a justification that the cow in question was taken by the defendant, Butler, as collector of school district number 2 in the town of Woodhull, in the county of Steuben, by virtue of a tax warrant issued by the other two defendants and one David Lyon, trustees of said school district, dated April 10, 1851 and received by Butler, May 13, 1851. After the appellant—the plaintiff before the justice—had gone through with her proofs and rested, the defendants, Edwards and Miller, were discharged, on the application of the defendants and with the consent of the plaintiff. The action was tried before a jury, who rendered a verdict in favor of the plaintiff, against the defendant Butler, for $28, for which the justice gave judgment, together with $3.93 cost. On appeal to the county court this judgment was reversed, and from the judgment of the county court the plaintiff appealed to this court.

The facts are sufficiently stated in the opinion of this court for an understanding of the grounds upon which it is decided.

*F. C. Dininy*, for the appellant,

*Geo. B. Bradley*, for the respondent.

*By the Court*, WELLES J.   The first point made by the appellant's counsel in this court, respecting the constitutionality of the free school law of 1849, cannot be sustained, for the reason that it does not appear that the tax warrant was issued under or in pursuance of that law.

The counsel for the appellant also contends that the warrant was irregular on its face ; for the reason that it directed the collector to collect the amount of the assessments, *together with five cents on each dollar thereof*, for his fees.   Section 5 of ch. 382 of the *Sess. Laws of* 1849, (*p.* 535) directs the collector, upon receiving the warrant, for two successive weeks to receive such taxes as may be voluntarily paid to him, and in case the whole amount shall not be so paid in, he shall forthwith proceed to collect the same, and that he shall receive for his services, on all sums so paid in, one per cent, and for all sums collected by him after the expiration of the time mentioned, five per cent. By § 111 of ch. 480 of the *Laws of* 1847, (*p.* 706,) collectors of school districts are required to proceed upon warrants for the collection of district taxes and rate bills, in the same manner that collectors are authorized to collect town and county charges. And by § 31 of ch. 180 of laws of 1845, boards of supervisors are not in their tax warrants to add thereto the collector's fees, but such fees shall be collected as prescribed in §§ 29 and 30 of the same chapter.   The tax warrant in this case required the collector to collect five per cent for his fees upon the whole amount assessed.   This, I am inclined to think, was an excess of authority on the part of the trustees, and that the warrant was therefore no protection to the defendant, as the irregularity was apparent upon the face of the warrant.   In *Clark* v. *Hallock and others*, (16 *Wend.* 607,) it was held, that a school district warrant issued since 21st April, 1831, commanding the collector to levy a tax in *the same manner as on executions issued by a justice of the peace* was void, and afforded no protection to either

Stroud *v.* Butler.

collector or trustees, although in the execution of the warrant the collector proceeded in all respects in the same manner as if the warrant had been issued conformably to the requirements of the act of 1831. In that case, Bronson, J., in delivering the opinion of the court, says, " The trustees of a school district are confined strictly to the authority conferred upon them by the statute. In issuing a warrant for the collection of a tax, they act as ministerial officers, and where, as in this case, the statute prescribes the form and legal effect of the process, the trustees will be trespassers if they depart from it." I confess myself unable to distinguish this case, in principle, from the one referred to. The warrant authorized and required the collector to proceed and collect the whole amount of the taxes assessed, together with five per cent in all cases, whereas it might have been that the individuals taxed, if the law had been complied with, would have had only one per cent collector's fees to pay. That the excess is small, cannot affect the principle. There is no place where a line can be drawn between a strict compliance with the law, and the grossest irregularity.

But, independently of the foregoing position or reasoning, I think the judgment of the county court should be reversed, for the reason that I have failed to discover any ground for reversing the judgment of the justice. A cause of action had been clearly proved by the plaintiff before the justice, at the time he rested. The warrant issued by the trustees was the only justification for taking the plaintiff's cow. The warrant was not against the plaintiff, and was clearly no justification, unless the cow in question was either the property or in the possession of one of the persons against whom it issued. The proof was clear that the cow was owned by the plaintiff, and the question whether it was in the possession of Samuel Stroud, as claimed by the defendant, at the time it was levied upon, was one of fact for the jury, and the evidence on that question was not so clear and conclusive either way as to authorize the disturbing of their verdict, whichever way they might have found. The defendant, as appears by his return to the warrant, levied upon the cow as the property of Samuel Stroud ; who was one of the individuals taxed, and against

whom with others the warrant issued. And from the course of the trial I think the laboring question was as to who was the owner of the cow, whether the said Samuel Stroud or the plaintiff. I think the verdict settles both these questions, and the one relating to the possession of the cow at the time of the levy.

There is one other point requiring consideration. After the testimony was all given, the plaintiff's counsel requested the justice to charge the jury that if they found that the defendant sold the property after the expiration of thirty days from the time the tax list and warrant was delivered to him as collector, he sold the same without authority, and the justice so charged, and the defendant excepted. It is now contended the justice erred in such charge, and that the judgment was properly reversed for that reason.

For an erroneous charge of a justice to the jury, upon a question of law, the judgment will be reversed. (*Trustees of Penn Yan* v. *Thorne,* 6 *Hill,* 326.) In *Sheldon* v. *Van Buskirk,* (2 *Comst.* 473,) it was held that where a collector of town and county taxes levies on goods before the return day specified in his warrant, he may under the statute (1 *R. S.* 398, § 6,) sell at any time within a week after such return day. The section of the statute last referred to, requires the town collector, within one week after the time mentioned in his warrant for paying the moneys directed to be paid to the town officers and county treasurer, to pay to such town officers and county treasurer the sums required in such warrant to be paid to them respectively, first retaining the compensation to which he is entitled. And the court of appeals held that where the levy was made before the first day of February, the return day of the warrant, yet as the section referred to allowed him one week longer to pay over the money, and as the tax warrant remained in his hands during that week, the power to sell continued at least during the same week. But there is no such provision in relation to school district collectors. On the contrary it is plainly implied, I think, in the school law, that the collector's powers cease with the expiration of the thirty days from the time he received the warrant.

By § 112 of ch. 480, *Sess. Laws of* 1847, it is provided that

" if the sum or sums of money, payable by any person named in such tax list or rate bill, shall not be paid by him or collected by such warrant *within the time therein limited*, it shall and may be lawful for the trustees to renew such warrant, in respect to such delinquent person," &c. ; and by § 101 of the same act, " if, by the neglect of any collector, any school moneys shall be lost to any school district, which might have been collected *within the time limited in the warrant delivered to him for their collection*, he shall forfeit to such district the full amount of the moneys thus lost, and shall account for and pay over the same to the trustees of such district, in the same manner as if they had been collected." These sections plainly contemplate, it seems to me, that the collector's powers, derived from the warrant, cease with the expiration of the time limited therein for the collection of the taxes or rate bill, when their liability for not collecting &c. becomes fixed ; unless the warrant is renewed by the trustees.

It is somewhat remarkable that the school laws, as they now stand, contain no provision, limiting or directing the time within which the warrant shall direct the collector to collect or return the warrant. Section 100 of chapter 480 of the session laws of 1847, provided that the collector should, among other things, pay over to the trustees all the moneys collected or received by him on such tax list, within thirty days from the time of the receipt of such warrant and tax list ; but the same section, as amended by chapter 382 of the laws of 1849, § 5, wholly omits that provision, and there is now no provision in the statute, that I have been able to find, directing when the warrant shall be returnable, or what directions it shall contain as to when the collector shall proceed to collect the moneys not voluntarily paid within the two weeks, although the last mentioned section, as amended, directs that he shall proceed forthwith to collect the same. But the warrant in this case directed the collector to make a return of the warrant within thirty days after the delivery thereof to him, and within that time to pay over all moneys collected by virtue thereof, to the trustees, or some or one of them. Sections 112 and 101, before referred to, clearly contem-

plate that a time shall be mentioned or limited in the warrant, within which it shall be executed, and the neglect to provide or direct such time, is clearly a *casus omissus* in the statute.

In this case, the warrant was the defendant's only authority for taking the cow in question, and he can claim no greater authority for its execution than by its terms it confers.

For the foregoing reasons I think the judgment of the county court should be reversed, and that of the justice affirmed.

Judgment accordingly.

[MONROE GENERAL TERM, September 4, 1854. *Welles, Johnson* and *Selden,* Justices.]