EMMA F. BAILEY v. CLARK HAYWOOD ET AL.

*Taxes—Premature return by township treasurer—Collection fees— Excessive levy—illegal sale.*

1. A *premature* return by a township treasurer, of lands delinquent for taxes, renders their sale therefor void.

So *held*, where the return was made prior to February 1, up to which date the owner had the right to pay the taxes to the township treasurer, and save the office charges added by the county treasurer on such return.

2. The failure of the electors or township board to determine the amount to be assessed by the supervisor for collecting fees (under the old tax law) renders a sale of land for taxes, a portion of which consisted of such collection fees as fixed by the supervisor, void.

3. An excess of $59.65 above the sum legally assessable for collecting fees (under the old tax law), which entered into the general tax levy, renders a sale of land to satisfy such tax void.

Error to Huron. (Beach, J.) Argued April 10, 1888. Decided May 11, 1888.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Elbridge F. Bacon,* for appellant.

*W. T. Bope,* for defendants.

SHERWOOD, C. J. Plaintiff brings her action of ejectment against defendants to recover 80 acres of land lying in the county of Huron.

The defendants pleaded the general issue, and defendant Haywood gave notice thereunder that he would show on the trial that the plaintiff's action was barred by the statute of limitations.

The other two defendants asked for a finding of the value of improvements, and the plaintiff requested a finding of the value of the premises if no improvements had been made.

The cause was tried before Judge Beach without a jury, and the defendants prevailed. The plaintiff brings error.

The plaintiff claims title to the land in question by virtue of certain mesne conveyances obtained from her grantors, who derived their title through a patent for the land issued by the United States, dated October 10, 1853; also by virtue of a tax deed issued by the Auditor General of the State of Michigan, on February 25, 1864, based upon a sale of said land for the taxes assessed thereon for the years 1859, 1860, and 1861.

The defendants' claim to the premises is based upon two tax titles derived from the Auditor General,—the first made upon a sale of the land for the taxes of 1863, and dated January 12, 1866; and the second, founded upon a sale of the land made for the taxes of 1864, and dated January 8, 1867; Haywood claiming to hold the title in fee, and the other two defendants being in possession under a contract for the purchase of the land from Haywood, dated the first day of December, 1880.

The circuit judge finds that the premises were unoccupied by any one until the defendants Mischnick went into possession under their contract at its date, and that they have held such possession adversely to the claim of the plaintiff ever since, and that the value of the premises, if no improvements had been made thereon by the defendants, would have been $800, and that such value has been increased, by the improvements made by the defendants, to the sum of $2,500.

The court further finds, as a conclusion of law upon the facts, as he states them, that the plaintiff's chain of title is perfect, and in this conclusion we are satisfied that he is correct. The claim of title by adverse possession by the defendants cannot be sustained. Sufficient time had not elapsed

before bringing suit. The defendants are therefore compelled to sustain their claim of title under their tax deeds. The learned circuit judge, after an examination of the proceedings upon which they are based, sustained their validity. The validity of these titles is the only remaining question left for consideration.

The land in question, in 1863, was non-resident. The amount of the assessment made against it for that year was $3.93, upon a valuation of $100. The court found as one of the facts that the return of the plaintiff's land as delinquent for the taxes of 1863 by the township treasurer to the county treasurer, and by the latter to the Auditor General, was made on January 27, 1864. The law at that time required the township treasurer "to account for and pay over to the county treasurer" the amounts in his warrant specified, "for State and county purposes, on or before the 1st day of February then next." See Comp. Laws 1857, § 819; and section 832 of the same reads as follows:

"The township treasurer shall retain in his hands the amount specified in his warrant to be paid into the township treasury, for the purposes therein specified, and shall, within one week after the time specified in his warrant for paying the money directed to be paid to the county treasurer, pay to such county treasurer the sum required in his warrant, either in delinquent taxes, or in funds then receivable by law." .

Sections 851 and 852 of the law provide for the redemption of the land from the lien of the taxes thus created, but it can only be done at either the county treasurer's office, or at the office of the Auditor General, by paying, in addition to the taxes assessed, the office charges upon each description,—25 cents,—and upon each additional description, if contained in the same certificate, 6 cents, after such return is made by the township treasurer.

The owner, under the provisions of the law herein referred to, had the right to make payment of his tax to the township treasurer at any time before the latter was obliged to make

his return and did actually make the same, without being subjected to additional charges. The township treasurer's return was premature, and deprived the owner of this right to redeem his property from the legal assessment, and no sale of his land can be held valid, made for taxes thus prematurely returned by the township treasurer as delinquent. Such a return is void. Cooley, Tax'n, 454; 2 Desty, Tax'n, 705; *Weir v. Kitchens,* 52 Miss. 74; *Ronkendorff v. Taylor,* 4 Pet. 349; *Hickman v. Kempner,* 35 Ark. 505; *Flint v. Sawyer,* 30 Me. 226; *Hobbs v. Clements,* 32 Id. 67; *French v. Edwards,* 13 Wall. 506.

In regard to the deed for the taxes of 1864, the finding of the circuit judge is to the effect—

"That no action was taken by the township board, in the year 1864, to determine the amount to be assessed by the supervisor for collecting expenses upon the taxable property in said township for the year 1864; that the collection fee— $114.70—entered into and formed a part of the general levy of taxes assessed for the year 1864."[1]

It also appears from his finding that $59.65 of this amount was excessive. Such being the fact, the levy of the whole tax for that year was vitiated, and of course no valid sale could be made of the land in question therefor. Cooley, Tax'n, 429; 2 Desty, Tax'n, 867; *Lacey v. Davis,* 4 Mich. 140; *Buell v. Irwin,* 24 Id. 145; *Edwards v. Taliafero,* 34 Id. 13; *Boyce v. Sebring,* 66 Id. 210 (33 N. W. Rep. 815).

The judgment must be reversed, and a new trial granted.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.

---

[1] The circuit judge also found that such amount was not fixed by the electors of the township.