EDWARD HALEY, RESPONDENT, *v.* O. EUGENE WHITNEY,
APPELLANT.

*Item of tax illegally added to a school tax by the trustee of the district — liability of the trustee to a party whose property has been sold thereunder — remedy of the taxpayer.*

A trustee of a school district who lays a tax, as to a portion of which, constituting a deficiency in a former tax, there is no evidence that the taxpayers of the district have voted that it should be reassessed, is liable as a trespasser to a party whose property has been levied upon and sold by the collector by virtue of the warrant issued for the collection thereof.

*Colton* v. *Beardsley* (38 Barb., 29), disapproved.

Where a tax is illegal, the taxpayer is not obliged to apply for an abatement thereof, unless some statute has made that the only remedy afforded him ; but he may, under other circumstances, rightly contest the tax whenever an attempt is made to collect the same.

There is no provision of law which makes the appeal to the superintendent of public instruction, under title 12, chapter 555 of 1864, for relief against the erroneous and unauthorized action of the trustee of a school district, the only remedy which a taxpayer thus aggrieved may pursue.

APPEAL by the defendant from a judgment rendered by the County Court of Wayne county, on appeal from a judgment of a justice of the peace, affirming such judgment in favor of the plaintiff, which judgment was entered in the office of the clerk of the county of Wayne on the 7th day of September, 1887.

The action was brought to recover the value of a hay rake, which was taken and sold by the collector of a school district under a tax-list and a warrant signed by the defendant as a trustee of the district. The question presented was, whether or not the defendant had jurisdiction to issue a tax warrant.

The defendant was a trustee of a school district situated in the county of Wayne, and the plaintiff was a taxpayer residing therein. The defendant, acting in his capacity as trustee, on the 14th day of November, 1885, laid a tax upon the taxable property within the school district for the total amount of $150.12, of which sum six dollars and thirty cents was assessed upon the plaintiff's property. The heading or caption of the tax list was in the following form, viz. : " List of taxes apportioned by the trustee of District No. 7,

in the towns of Ontario and Walworth, county of Wayne, in accordance with the provisions of article 7, and section 51 of title 7 of the general school law of the State of New York, for the purpose of raising the sum of one hundred and fifty dollars and twelve cents ($150.12), laid and charged on the said district according to the law, viz., forty-eight dollars deficiency in a former tax, which could not be collected from David Gould, and one hundred and two dollars and twelve cents to finish paying for the school furniture for the school-house in said district."

Then followed the names of the taxpayers, the character of the property assessed, its value and the amount of the tax levied. The plaintiff's name and property, and amount of tax assessed thereon appeared as follows :

|  | No. acres. | Price per acre. | Total valuation. | Tax. Dol's.Cts. |
|---|---|---|---|---|
| "Ed. Haley.......... | 67 | $40 | $2,680 | $6.30 " |

The trustee attached to the list his warrant in the usual form, which contained this specified direction : "In case any person upon whom such tax is imposed shall neglect or refuse to pay the same, either to levy the same by distress and sale of the goods and chattels of the person or corporation so taxed," and delivered the same to the collector. When called upon by the collector the plaintiff refused to pay the tax, and the collector then levied upon the property in dispute and removed the same from the plaintiff's premises ; and thereupon and on the same day this action was commenced, which resulted in a verdict in the plaintiff's favor for twenty dollars damages, the value of the property levied upon, with five dollars costs. No proof was made that the item of forty-eight dollars, the deficiency of the tax, was voted by the taxpayers to be reassessed and recollected from the taxpayers of the district. Previous to the levy of the tax in question the taxpayers voted to raise the sum of $300 to repair the school-house, and of that tax the plaintiff was assessed the sum of twelve dollars and eighty-six cents, which he paid, and David Gould was assessed forty-eight dollars, which is the uncollected tax reassessed as above stated.

*S. B. McIntyre*, for the appellant.

*John H. Camp*, for the respondent.

BARKER, P. J.:

I am of the opinion that the justice was correct in holding, upon the undisputed facts of the case, that the defendant was a trespasser, and that the County Court properly affirmed the judgment. In reaching this conclusion it is necessary to sustain the legal proposition asserted by the plaintiff, that the defendant in levying the tax upon the plaintiff's property and issuing the warrant for its collection acted without jurisdiction over the subject-matter. This proposition of law must rest for its support upon the fact that the defendant included in the tax as laid, the item of forty-eight dollars, being the sum which was assessed to David Gould by a previous assessment, and which remained unpaid, without the vote of the taxpayers of the district. There can be no doubt but that the action of the defendant in this respect was wholly unauthorized. The statute has made provision for supplying a deficiency in a former tax levy by reason of the inability of the collector to collect the same, and has vested in the taxpayers the power, " to vote a tax to supply a deficiency in any former tax, arising from such tax, being in whole or in part uncollectible. (Chap. 555, Laws of 1864, tit. 7, art. 1, sub. 10, § 15.) Without an authorization from the taxpayers the trustee had no power to include the unpaid tax in this levy, as there is no provision in the statute conferring on him the authority to determine when a tax is uncollectible and to assess the amount of it upon the other taxpayers of the district.

The plaintiff also contends that the item of $102, included in the tax, for the purpose stated in the heading of the list, to finish paying for the school furniture for the school-house was also unauthorized, as the taxpayers had never voted to raise that or any other sum for that purpose. My opinion is that the trustee was duly authorized to levy a tax for the payment of that item, in view of the previous votes of the taxpayers of the district relative to furnishing the school-house with chairs. As I have reached the conclusion that the judgment should be affirmed, because the levy was void for another reason, it becomes unnecessary to consider the evidence showing that the trustee was authorized to make a levy for the purpose of raising a sum to pay that item. The vital question in the case is, was the tax laid and the warrant issued for its collection void as between the taxpayer

and the trustee, because there was included in the tax the unauthorized item of forty-eight dollars, the amount of the uncollected tax assessed on the property of David Gould by a previous assessment? The learned counsel for the appellant contends that the insertion of that item does not vitiate the entire tax, and that the warrant was a good and valid process to collect so much of the tax as was properly laid upon the property of the respondent, therefore, the defendant cannot be charged as a trespasser; and that the plaintiff's remedy is by an action to recover back the sum collected in excess of that portion of the tax which was legal. This contention is, as I think, hostile to a fundamental rule that when an officer, whose duties and powers are prescribed by statute, acts without acquiring jurisdiction over the whole subject-matter, concerning which he assumes to act, his action is void. The levy of this tax was one proceeding, and constituted but one official act on the part of the trustee, and the warrant which he issued to carry into effect his determination, in terms, directed and required the collector, in case any person upon whom such tax was imposed should neglect or refuse to pay the same, that the whole sum be collected by a levy upon and a sale of the goods and chattels of the person against whom the tax was assessed. The subject-matter over which the trustee assumed jurisdiction was levying a tax upon the property of the taxpayers of the district, in an amount sufficient to pay in full the two items mentioned in the heading to the list. The statute requires the trustee, before proceeding to spread the tax, to make a record or written memorandum showing for what purpose the tax is laid, and this must be prefixed to the tax-list. (Sec. 65.) The trustee may, at his option, assess at the same time two or more taxes legally voted, or which he is authorized to assess without a vote, or make separate assessments for each tax and issue warrants for their collection. (Sec. 65.) In order to support the action of the trustee and make his warrant valid it was necessary for him to show that he had a right to assess a tax for each item mentioned in the tax-list. The levying of the tax to pay the item of forty-eight dollars was not a mere mistake of judgment on the part of the trustee. It was done without any pretense whatever that the facts were such as to require him to examine and determine the question whether or not it was proper to include the item of forty-eight dollars. It cannot

be called a mistake of law or fact, for he was not called upon to determine the question either way, and the result of his action was the levy upon the property of the plaintiff, a tax without the slightest color of right or authority. If a court of special and limited jurisdiction should assume to act and render judgment in a case where it had no jurisdiction whatever over the subject-matter, its judgment would be utterly void. So if it should assume jurisdiction of a matter over which it had rightful power to act, and should, in the same action and proceeding, assume jurisdiction over a separate and distinct subject-matter over which it had no jurisdiction whatever, and render a money judgment in favor of the plaintiff for damages arising out of both causes of action, the judgment would be utterly void as between the parties thereto. It is a well-settled maxim of the law that when an individual sustains an injury by the misfeasance of a public officer, who acts without authority and contrary to his duty, the law gives redress to the injured party by an action adequate to the nature of the case. (*Adsit* v. *Brady*, 4 Hill, 632; *Robinson* v. *Chamberlain*, 34 N. Y., 389.)

While it is admitted that the trustee had authority to levy a tax on the property described in the assessment-roll, including the plaintiffs, to raise a sum of money to pay for chairs, it is conceded by the trustee that he had no legal right to levy a sum to pay for the uncollected tax previously assessed to another. By including the latter item the trustee acted in excess of his authority, and as his action in levying a tax on the plaintiff's property constituted but a single official act, the whole proceeding is void. No other rule would protect the property of the taxpayer from the arbitrary action of an official who, by law, is vested with only a limited and prescribed jurisdiction. The trustees of a school district are confined strictly to the authority conferred upon them by statute. In levying the tax and issuing his warrant the trustee did not act judicially; in this respect his duties were ministerial only. He himself insists that the taxpayers authorized the levy of the $102.12 to pay for the chairs; and it is admitted that the levy to pay the uncollected tax was wholly unauthorized, so there is no room for saying that he acted judicially in the discharge of the duties imposed upon him. It is not, however, seriously contended by any one that the tax is legal, and that the plaintiff is without remedy. The position of the

trustee is, that he cannot be treated as a trespasser, and that the plaintiff's remedy is by action to recover back the portion of the tax which was unauthorized. The plaintiff is not, in my opinion, limited to the relief mentioned, nor would an action of that nature, in all instances, be adequate to the full protection of the taxpayer.

This case, in many of its features, is not unlike the case of *Mygatt* v. *Washburn* (15 N. Y., 316). There it was held that the town assessors who entered upon the assessment-roll, as liable to be taxed for personal property, the name of the person not a resident of their town or ward at the time the assessment was made, acted without jurisdiction and were liable for the damages resulting from a tax founded on such an entry. The decision was placed on the sole ground that the person assessed was not subject to the jurisdiction of the assessors, and in placing his name on the roll and adding thereto an amount as the value of his personal property they acted without authority, and that it was not, in view of the law, the case of an error in judgment. In that case there was a total want of jurisdiction. In the case before us there was an excess of jurisdiction exercised. In neither case does the law give an officer possessing limited jurisdiction any protection, and his action may be treated as void by all persons injured thereby. (*Rochester White Lead Co.* v. *City of Rochester*, 3 Comst., 463; *Barhyte* v. *Shepherd*, 35 N. Y., 238; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 id. 49.)

The appellant recites and relies upon the case of *Colton* v. *Beardsley* (38 Barb., 29) as an authority that the defendant was not a trespasser, and the warrant was void for the excess only, and for that amount the defendants were personally liable, which might be recovered back by the plaintiff in a proper action, and that an action of tort cannot be maintained. In that case the amount of the tax levied, and for which a warrant was issued, was twenty-nine dollars and fifty-nine cents, consisting of several items, six dollars and fifty-nine cents of which the trustees were not authorized to levy without a vote of the district. Upon the warrant issued by them the collector sold the property of the plaintiff, who was one of the taxpayers, and he brought an action in trover against the defendants as trustees and recovered a judgment for the value of the property levied upon and sold, which was reversed by the General Term upon the ground that the warrant was void for the excess above the amount the trus-

tees were authorized to levy; and that the warrant could be lawfully enforced for the unauthorized items assessed in the tax. In that case the question presented was not discussed upon principle. The cases cited in support of the proposition there stated, it will be found upon examination, do not support the legal proposition asserted by the learned judge. It seems to my mind very clear that the conclusion reached in that case is contrary to the many legal propositions well established by the courts in this State, and should not be received as controlling the question now before us.

The case of *Parish* v. *Golden* (35 N. Y., 462) does not present the question whether the proceedings of an officer of limited jurisdiction are void or not when he acts in excess of his authorized powers. Mr. Cooley, in his work on Taxation, in speaking of the effect which an excess of levy has on the whole tax, says: "All statutes are mandatory which, expressly or by implication, limit the amount of taxes which may be levied. When these are exceeded by a sum which is spread upon the whole roll the whole levy is void. The levy is in excess of the jurisdiction of the officers and will be as deficient in legal competency to make out a valid charge as if made without any authority whatever. This would not defeat a separate tax lawfully placed in a separate column on the roll, but it would invalidate whatever is blended with the excessive levy and incapable of being separated.

Excess in a levy may happen from a sum which has been voted for an unauthorized purpose, being included with others that are authorized, or from imposing more than is permitted for lawful purposes, or from the addition of unauthorized charges * * * whereby either the aggregate is made too large or individuals are charged more than their lawful proportion." (Page 429, ed. of 1886.)

The following cases relate to the question before us, and are referred to as illustrating the proposition asserted, that the trustee is liable in an action for the wrongful conversion of property levied upon by the collector, under a warrant issued by him : *Stroud* v. *Butler* (18 Barb., 327); *Clark* v. *Hallock* (16 Wend., 607); *The Nat. Bk. of Chemung* v. *City of Elmira* (*supra*) ; *Gale* v. *Mead*, (4 Hill, 109); *Bailey* v. *Haywood* (38 N. W. Rep. 231); *Harland* v. *Eastman* (119 Ill., 27); *Gerry* v. *Inhabitants of Stoneham* (1 Allen, 319). When the tax is illegal the taxpayer is not obliged to

apply for an abatement, unless some statute makes that the only remedy. But he may contest the tax when an attempt is made to collect it. (Cooley on Taxation, 748.) This right of the taxpayer to resist the effort to collect an illegal tax out of his property should not be confused with the class of cases which relate to over-valuation of property placed on the assessment-roll, where no principle of law is violated, and the complaint is an error of judgmext only on the part of the board of assessors. In such cases the sole remedy is an application for an abatement, in the manner prescribed by law.

A taxpayer who conceives himself aggrieved in consequence of the levy of a tax upon his property may appeal to the superintendent of public instruction for relief against the erroneous and unauthorized action of the trustee, in pursuance of the provisions of title 12, chapter 555 of the Laws of 1864. But there is no provision in that or any other act that that is the only remedy which he may pursue. The provisions of sections six and seven in the next title of the same act, relating to the question of costs in actions against trustees, involving their duties and powers, indicate that the aggrieved taxpayer has the same remedies against a trustee who acts in excess of his authority as he has against any other official exercising similar powers. The authorities are abundant in support of the proposition that whenever a trustee of a school district acts ministerially or in excess of his authority, he is liable in trespass when the property of another has been seized in pursuance of a process signed and issued by himself. (*Stroud* v. *Butler*, 18 Barb., 327; *Clark* v. *Hallock*, 16 Wend., 607; *Alexander* v. *Hoyt*, 7 id., 89.)

The judgment of the County Court should be affirmed, with costs.

DWIGHT and CHILDS, JJ., concurred.

Judgment of County Court affirmed.