FREDERICK v. DORN.

(Supreme Court, Appellate Division, Third Department.   November 13, 1901.)

1. SCHOOL TAXES—COLLECTION—WARRANT—INVALIDITY.
    Under Laws 1899, c. 440, changing the time in which voluntary payments might be received on school district tax warrants by a collector, at 1 per cent., from two weeks to 30 days, a warrant authorizing the collector to receive voluntary payments for two successive weeks after the delivery of the warrant was void.

2. SAME—TIME FOR RETURN.
    Under Laws 1899, c. 440, providing that a school tax collector may receive voluntary payments on warrants for 30 days after delivery, a warrant made returnable within 30 days was void, as it gave the collector no time in which to enforce payment after the expiration of the time limited for receiving voluntary payment.

3. SAME—AMENDMENT OF WARRANT.
    Where a trustee, in renewing a school district tax warrant for the collector, changed the tax list by reducing certain assessments, which changes were apparent on the face of the warrant, it was void, as Laws 1894, c. 556, permitting any error in the school tax list to be amended with the approval of the superintendent of public instruction, provides the only way in which changes can be made.

Appeal from Fulton county court.

Trespass by Peter Frederick against Albert Dorn, school tax collector, for taking and converting certain property belonging to the plaintiff by virtue of an alleged school district tax warrant.   From a judgment in plaintiff's favor, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Clarence W. Smith, for appellant.

Keck & Rogers, for respondent.

KELLOGG, J.   If the tax warrant which defendant sought to enforce was void upon its face, then it is no protection to defendant. The tax warrant, when originally delivered to him in October, 1899, appears upon inspection to have been a mandate to collect certain taxes therein named, and .directed him "to receive" such taxes from the various persons "as may be voluntarily paid to you for two successive weeks after the delivery to you of this warrant, together with one cent on each dollar thereof for your fees, and, after the expiration of the time above mentioned, to proceed forthwith to collect the residue of the sums not so paid as aforesaid, with five cents on each dollar thereof for your fees."   The warrant was by the trustee made returnable "within thirty days after the delivery thereof to you."   Prior to the passage of chapter 440 of the Laws of 1899, which went into effect April 25, 1899, this form of warrant might have been deemed lawful.   Chapter 440, however, amended the law as to the time in which voluntary payments at 1 per cent. were to be received, by changing it from two weeks to "thirty days from time of posting said notice."   The grave discrepancy is apparent.   The warrant reads, "two successive weeks after the delivery to you of this warrant," and thereafter collections were to be enforced, with 5 per cent. fees.   This, I think, made the warrant void, since it was

unauthorized by the statute in existence at the time, and this, being apparent on the face of the warrant, destroyed all protection to the collector acting under it. In Stroud v. Butler, 18 Barb. 327, a case was presented to the court in which a warrant to a school district collector directed the collection of 5 per cent. fees from each taxpayer on the entire tax roll. This the court held made the warrant invalid, and the collector who had acted under it, and made a levy, was declared to be a trespasser, although the levy was made after the two weeks, and at a time when the collector was entitled by law to 5 per cent. fees.

The warrant in this case is made returnable 30 days after delivery to the collector. I find no provision in the statute directing at which time such a warrant should be made returnable. The defect in this respect in the statute was noted in Stroud v. Butler, supra, and does not appear to have been since corrected. It may be assumed from the present law, however, that the trustee issuing the warrant has a discretion as to the time in which it is to be returned; but that it cannot be made returnable in less than "thirty days from the time of posting said notice" would seem to be clear, for all that time the taxpayers have to pay voluntarily, at 1 per cent., fees added to the tax. It would seem unreasonable and illogical, therefore, for a warrant to direct the compulsory collection of a tax within the 30 days, as this warrant does, and for that reason, also, I think it void. There must be some time after the 30 days permitted to the collector to enforce payment, if he is to be held, or his bondsmen are to be held, for a failure of duty in that respect.

There is still another reason for declaring this warrant at the time the levy was made to have been void. It appears that after it had been issued for 30 days, and after a considerable portion of the tax had been collected, the collector asked the trustee to renew the warrant as to the delinquents, which the trustee did; and at such time he changed the tax list by reducing the assessment of one Denmark, and the assessment of plaintiff he also reduced by changing $4,000 of personal to $3,000, and the value of realty from $1,300 to $1,000, and this was done by erasing and by new footings. The changes were apparent on the face of the warrant, and were also known to the collector at the time they were made. This the trustee had no right to do. The provision for correcting a tax list after it has once been placed in the hands of the collector, with the warrant for its collection, is found in section 84 of the consolidated school law (chapter 556, tit. 7, Laws 1894), and reads as follows:

"Whenever the trustees of any school district shall discover any error in a tax list made out by them they may, with the approval of the superintendent of public instruction, after refunding any amount that may have been improperly collected on such tax list, if the same shall be required by him, amend and correct such tax list, as directed by the superintendent in conformity to law."

This embodies all the authority there is in the statute to make corrections, and unless the statute is followed no correction can be made. It results, therefore, that the pretended renewal was not a renewal, but a new tax list, wholly unauthorized. It is of no mo-

ment that in this case the plaintiff was not harmed, but rather benefited. It might have been otherwise. Others were harmed, if he was not. The tax which he was excused from paying must needs be paid by the other taxpayers. It would lead to a pernicious practice if the court should recognize a power in a trustee to change the tax list after his authority over it had wholly ceased. Even the power to excuse any one from the payment of a tax would be dangerous to the safety of all. The statute must be pursued with reasonable strictness, for the statute is the only thing which confers any power upon the trustee.

Without going into any of the other contentions of respondent, which attack the official character of the collector on the proof offered, we must affirm the judgment, with costs to respondent. All concur; SMITH, J., in result.