ALBANY,
Jan. 1837.

Clark
v.
Hallock.

</div>

---

<div style="text-align:center">

Clark *vs.* Hallock and others.

</div>

A *school district warrant*, issued since 21st April, 1831, commanding the collector to levy a tax in the *same manner as on executions issued by a justice of the peace*, is void, and affords no protection to either collector or trustees, although in the execution of the warrant the collector proceeds, in all respects, in the same manner as if the warrant had been issued conformably to the requirements of the act of 1831.

The *tender*, by an officer, of a part of the value of property sold under void process, does not entitle him to a mitigation of damages.

A party who recovers in an action of trespass, for property sold under void process, cannot afterwards turn round and sue the officer for an admitted surplus remaining in his hands, the proceeds of the sale after satisfying the amount for which the process issued.

This was an action of *trespass de bonis asportatis*, tried at the Madison circuit in September, 1834, before the Hon. Hiram Denio, one of the circuit judges.

The property of the plaintiff was sold under a *warrant* issued by the trustees of a school district to levy the plaintiff's proportion of a tax voted at a district meeting for the

purpose of building a school-house.  A carriage and harness belonging to the plaintiff were sold and struck off for the sum of seventy-seven dollars.  The property was purchased by a son of the plaintiff, who acted as the agent of his father. He paid to the collector thirty-two dollars and nineteen cents in cash, and gave his note for the residue of the bid, viz. forty-four dollars and eighty-one cents.  The amount of the tax imposed upon the plaintiff was fifty-two dollars and nineteen cents, of which sum he paid to the collector, previous to the sale, the sum of twenty dollars.  The defendants, who were the trustees and collector of the district, proved the imposition of the tax, and the amount assessed upon the plaintiff, and produced in evidence the *warrant* under which the sale took place, which was issued on the 20th June, 1833, and directed the collector to collect from each of the persons named, the sum set opposite his name, and if the same was not paid on demand, to levy the same of his goods and chattels, together with the costs and charges of the levy and sale, *in the same manner as on executions issued by a justice of the peace.*  The counsel for the plaintiff insisted that the warrant was void in not conforming to the directions of the act of 1831, which requires that the collector shall be commanded to levy a tax *in the same manner as on warrants issued by the board of supervisors to the collectors of towns.*  Session Laws of 1831, p. 248, § 2.  The circuit judge ruled the warrant to be void.  The defendants offered to prove, that, *in the execution of the warrant,* the collector had proceeded in all respects, in the same manner, as if the warrant had been made out in the form prescribed by the act of 1831 ; but the judge decided the evidence to be inadmissible.  The defendants proved that, previous to the commencement of this suit, they tendered to the plaintiff the note for forty-four dollars and eighty-one cents, given by his son to the collector, and, on refusing to receive it, they tendered to him the amount in cash, which he also refused to receive. The judge charged the jury that, if they should find that the son of the plaintiff acted as the agent of the plaintiff in the purchase of the property, they should find the *amount of*

*the bid* upon the carriage deducting the value of the harness which was not declared for ; but if he did not act as agent, then they should find the *value of the carriage*. The jury found that the son acted as agent, and rendered a verdict in favor of the plaintiff for sixty-five dollars damages. The defendants move for a new trial.

*J. A. Spencer*, for the defendants.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, BRONSON, J. The trustees of a school district are confined strictly to the authority conferred upon them by the statute. In issuing a warrant for the collection of a tax, they act as ministerial officers, and where, as in this case, the statute prescribes the form and legal effect of the process, the trustees will be trespassers if they depart from it. Under 1 R. S. 484, § 88, which the trustees unfortunately followed, the warrant commands the collector to proceed in the same manner *as on executions issued by a justice of the peace*. But this provision had been repealed, and the warrant should have commanded the collector to proceed in the same manner *as on warrants issued by the board of supervisors to the collectors of towns*. Laws of 1831, p. 248, § 2. Laws of 1832, p. 547, § 1. There is a difference as well in the effect as in the mode of proceeding under a warrant as formerly authorized by law, and a warrant under the acts of 1831 and 1832. The warrant is the only authority of the collector, and it will not aid the case that he departed from it and proceeded in a way which would have been legal, had the process delivered to him been in the proper form. As the warrant was void on its face, the parties, the collector as well as the trustees, were trespassers.

It is objected that the judge misdirected the jury as to the amount of damages. In *Baker* v. *Freeman*, 9 Wendell, 36, the property illegally sold for a school district tax was bid off by the plaintiff's agent, and paid for with the plain-

ALBANY,
Jan. 1837.

Clark
v.
Hallock.

tiff's money. It was held that he was not entitled to recover the value of the property, but only the amount for which it was sold. The judge followed that rule in this case. He told the jury that if the purchaser acted as the agent of the plaintiff, the rule of damages would be the amount of the bid after deducting the value of the harness, which was not mentioned in the declaration; and the jury found a sum which was less than the value of the carriage. The offer to deliver up the note of the agent, or to pay the same amount in money to the plaintiff, could not change the rule of damages. This was not a case where the defendants could protect themselves by a tender of amends, nor is there any case where *tender of a part* of the damages sustained by a trespass will affect the amount of the recovery. Whether *Harry Clark* has paid his note to the trustees does not appear; but he has paid, or may be required to pay it: and having acted as agent, he is entitled to an indemnity from his principal. The actual injury which the plaintiff has sustained by the illegal sale of his property is the amount paid and agreed to be paid by the purchaser—— or in other words, the amount for which the property was sold.

But it is said that the forty-four dollars and eighty-one cents was the surplus money which remained after satisfying the balance of the tax; that the plaintiff may recover that amount in an action for money had and received to his use; and that if he is allowed to recover the whole amount for which the property sold in this action, he may, as to a part, obtain a double satisfaction. The argument is unsound. Where property is sold for more than the amount of the tax, the party may recover the surplus in an action for money had and received to his use. In that case, whether the proceedings were regular or not, he affirms the sale. But here the plaintiff disaffirms the sale and treats the defendants as trespassers. After a recovery in this action, whatever rule of damages may be adopted, he would be estopped from bringing an action for the surplus money. He would be concluded by his election to treat the defendant as wrong-doers, and could not afterwards

turn round and affirm their proceedings for the purpose of recovering the balance of the purchase money beyond the amount of the tax.

New trial denied.