In the Matter of the Application of MARY CLEMENTI, Respondent, v. THEODORE F. JACKSON, Registrar, etc., Appellant.

The act of 1882 (Chap. 363, Laws of 1882) validating (so far as the same remain unpaid) certain taxes in the city of Brooklyn, which were invalid because of the omission of the assessors to verify the assessment-rolls as

110 81
114 22
120 362
122 535
122 591
123 80
123 493

prescribed by the city charter (§ 31, title 4, chap. 384, Laws of 1854, as amended by § 21, chap. 63, Laws of 1862) did not validiate a sale, made prior to its passage because of non-payment of such a tax ; nor did it validate the penalties by way of interest and expenses, imposed by statute for the non-payment of a tax ; it simply validated the tax with interest at the rate specified (§ 2) from the date of confirmation, on condition that the property owner might discharge it by paying the amount specified.

The acts chapter 348, Laws of 1882, and chapter 443, Laws of 1881, have no application to such a case.

A payment by a purchaser at a tax sale, prior to the passage of the act, is not a payment of the tax. Notwithstanding the sale the tax " remains unpaid " within the meaning of the act, and the property owner is entitled to the benefit of said condition, and upon refusal of the registrar of arrears of the city to accept the amount specified, is entitled to a *mandamus* to compel the acceptance thereof and the discharge of the tax.

The purchaser at the tax sale is not a necessary party to the proceeding by *mandamus*.

(Argued May 4, 1883 ; decided June 5, 1883.)

APPEAL from order of the General Term of the City Court of Brooklyn, made December 28, 1882, which affirmed an order of Special Term directing the issuing of a peremptory writ of *mandamus* directed to defendant as registrar of arrears in the city of Brooklyn, requiring him to receive of the petitioner the amount of taxes imposed upon her premises in said city for the years 1868 and 1869, with interest thereon from the time of the original confirmation of said taxes at the rate specified in the act chapter 363, Laws of 1882, and to discharge and cancel the lien of said taxes.

Prior to the passage of the said act the petitioner's property had been sold for the payment of said taxes, the purchase-money paid and leases had been executed to the purchaser. In October, 1882, the petitioner tendered to defendant the amount of the taxes with interest at the rate of six per cent from the date of the original confirmation by the board of supervisors, which he refused to accept.

*Alfred E. Mudge* for appellant. The taxes were not unpaid within the meaning of section 2 of chapter 363 of the Laws

of 1882. (Laws of 1862, chap. 63, § 26, p. 196 ; *Brevoort* v. *City of Brooklyn*, 89 N. Y. 128.)

*Nicholson P. O'Brien* for respondent. The remedy of the relator for the grievance complained of is by writ of *mandamus* to compel the registrar of arrears of the city of Brooklyn to discharge and perform the statutory duties of the municipal department under his charge. (*Swift* v. *Mayor*, 83 N. Y. 535 ; *Francis* v. *Common Council of Troy*, 78 id. 36–7 ; *People* v. *Board of Supvrs.*, 64 id. 604 ; 73 id. 175 ; *Frey* v. *Canal Appraisers*, id. 443.) The relator has shown herself legally and equitably entitled to the writ, having done every thing required as a condition precedent to the right demanded. (*Stevens* v. *Hoyt*, 66 N. Y. 606 ; Code, §§ 2082 and 452, 1204 ; *People* v. *Supervisors*, 73 N. Y. 175 ; *People* v. *Board of Apportionment*, 64 id. 627 ; *Albany Inst.* v. *Burdick*, 87 id. 40 ; *Derham* v. *Lee*, id. 599.) The omission of the assessors, in verifying the corrected assessment-roll, to insert an averment to the effect that they have together personally examined within the year past each and every lot or parcel of land, house, building or other assessable property within the ward, as required by the statute (charter of 1854), rendered the assessment-roll defective, and failed to give jurisdiction to the board of supervisors to impose a tax. (*Van Rensselaer* v. *Wisbeck*, 7 N. Y. 517 ; *Westfall* v. *Preston*, 49 id. 349 ; *Billinger* v. *Gray*, 51 id. 610; *Bradley* v. *Starr*, 58 id. 401; *People* v. *Suffern*, 68 id. 321; *Merritt* v. *Vil. of Port Chester*, 71 id. 309 ; *Brevoort* v. *City of Brooklyn*, 89 id. 128.) Moneys received by an unauthorized sale cannot be considered a payment. (*Chapman* v. *City of Brooklyn*, 40 N.Y. 372, 8–9; *Peyser* v. *Mayor*, 70 id. 500; *Beekman* v. *Brigham*, 7 id. 366 ; *Rathbone* v. *Hooney*, 58 id. 463.) The conveyance to Brower was illegal and void, even if the tax and sale were legal, as he never served the notice required by section 27, or complied with section 28 of the charter. (*Williams* v. *Townsend*, 31 N. Y. 414 ; § 27, title 5 of charter.) The statute of 1882 (Chap. 363) was a remedial

act, and must be read and construed according to the natural and obvious import of the language contained in it and the object to be obtained by its enactment. (*People* v. *Supvrs., etc.,* 43 N.Y. 132; *Goillotel* v. *Mayor of N. Y.,* 87 id. 445; *Astor* v. *Mayor,* 62 id. 575–8; *Dannat* v. *City of New York,* 77 id. 50; *Risley* v. *Smith,* 64 id. 576.)

RAPALLO, J. Under the decision of this court in *Brevoort* v. *The City of Brooklyn* (89 N.Y. 128), the taxes in question were illegally assessed and the assessment was void. This is not disputed by the appellant. The sales of respondent's property for the non-payment of these taxes were consequently also void, and the purchaser acquired no right or title to respondent's property by virtue of those sales or of the leases subsequently granted.

Chapter 363 of the Laws of 1882 did not validate those sales. It validated the taxes, but only *sub-modo*. It did not validate the penalties by way of interest and expenses, which would have been a lien on respondent's property, and for non-payment of which, as well as the original taxes, the property was sold, but the validating act was accompanied by the condition that the taxes thus validated and remaining unpaid should be payable with interest at the rate of six per cent per annum, from the date of the original confirmation thereof by the supervisors, provided such payment be made before the 1st of December, 1882, and if not so paid, then that interest should be collected thereon at the rate of nine per cent per annum from the date of such original confirmation. This was the extent to which the taxes were validated. All the provisions of the act must be read and construed together, and thus read and construed, it appears that these void taxes were made valid only on condition that property owners might discharge them by paying the reduced amount specified in the act. It could not have been the intention of the act that if the city had attempted to enforce payment of these void taxes, by sales and leases, the validation should stand and the landowners be deprived of the provision for their benefit, which

was one of the terms upon which the legislature cured the defect in the assessment of the taxes.

Chapter 348 of the Laws of 1882 has no bearing on this case. That was not an act to validate void taxes or assessments, but a gratuitous rebate from taxes and assessments supposed to be valid, made for the purpose of inducing prompt payment. It permitted "any person *owing* the city of Brooklyn any taxes, assessments or water-rents," to pay the same at any time before the 1st of December, 1882, with interest at six per cent per annum from the date of confirmation.

Chapter 443 of the Laws of 1881 also assumed the taxes to be valid, and provided for their collection. It was not passed for the validation of void taxes or assessments.

It is contended by the appellant that the respondent was not entitled to the benefit of the portion of the act of 1882 (Chap. 363) which was beneficial to her, because that provision applied only to such of the void taxes validated by the act as *remained unpaid*, and that in her case the taxes did not remain unpaid, as the purchaser at the tax sale had paid them.

We do not think that the payments made by the purchaser were payments of the taxes. He did not make the payments for the benefit of the relator, or in her behalf, nor for the purpose of discharging the property from the lien of the taxes, but made them in his own behalf, for the purpose of acquiring an interest in the property by virtue of the sales made by the city to enforce that lien, in consequence of the non-payment of the taxes and penalties. The payments made by him were no more a payment of the taxes than would a payment made by an assignee to an assignor of a bond, in consideration of the assignment thereof, be a payment of the bond.

We are of opinion, therefore, that it was the duty of the appellant to accept the sum tendered to him by the respondent, pursuant to section 2 of the act of 1882 in discharge of these taxes.

The further point that the purchaser at the tax sales was a necessary party to this proceeding is not, we think, tenable. He had no right or title to the property if the sales were void,

and if they were valid, or were made so by the act of 1882, the payment of the taxes by the relator would not affect him. This proceeding is not for an adjudication upon the title, but is a matter wholly between the relator and the respondent, to compel the latter to perform a statutory duty, the effect of which, in case of dispute, must be determined hereafter. The purchaser at the sales is no more proper a party to such a proceeding than would an adverse claimant of title to land be to a proceeding by *mandamus* to compel a county clerk to record a deed or satisfaction piece affecting the title.

The question whether the purchaser can recover back the sums paid on the tax sales is one between him and the city and does not concern the relator.

The order should be affirmed, with costs.

All concur.

Order affirmed.