By the Court.—Truax, j.
It is admitted that these taxes once existed, and in the'absence of proof to the contrary, it must be presumed that they continue to exist. The statute of limitations does not discharge the debt; it simply bars the remedy on the debt (Waltermire v. Westover, 14 N. Y. 20). In effect it does not dispense with the performance of the contract. It is for this reason, that such statutes have been held not to impair the obligation of the contract (Sturges v. Crowninshield, 4 Wheat. 207). The statute says that the actions therein specified must be commenced within the times mentioned in the statute (Code Civ. Pro. § 380). It raises a bar to the action, which bar *403 the obligor may use if he see fit. It is personal to him as a defense.
It has been determined by the court of appeals that a mandamus will lie to compel the tax officer to receive the tax. It is true that such determination was reached in a case in which six years had not elapsed since the imposition of the tax, and in which a statute of limitations was not pleaded (Matter of Clementi v. Jackson, 92 N. Y. 591-5). But it is a right inherent in the owner of the fee to have a lien on his property removed, and these taxes are a lien on this property until paid (Laws 1871, chap. 381, § 1). This right continues while the lien continues, and therefore an action or proceeding to enforce this continuing right is not barred by the statute of limitations (Miner v. Beekman, 50 N. Y. 343).
The judgment and order are affirmed, with costs.
Sedgwick, Ch. J., concurred.