By the Court.—Freedman, J.
The relator obtained an alternative writ of mandamus requiring the respondent as clerk of arrears either to accept in payment of the taxes for the years 1869 and 1870, on premises owned by the relator, the amount of such taxes with interest thereon at the rate of seven per cent, per annum, to cancel said taxes in the proper books, and to deliver receipted bills for the same, or to show cause to the contrary.
The respondent, in opposition, showed that the premises had been sold for non-payment of such taxes on March 9, 1874, and that a lease had been delivered to the purchaser.
The issues were brought on for trial before the special term and a trial by jury was waived. Upon such trial it was held that the sale was valid and that upon the whole case the relator was not entitled to the relief prayed for in the writ, although the notice to redeem required by law to be published before the execution and delivery of the lease, was insufficient and void. *184 From the final order entered to this effect the present appeal is taken. Under the decision of Clarke v. The Mayor, etc., 55 Super. Ct. 259, the sale was not void for any of the reasons urged by the relator.
On the other hand the insufficiency and invalidity of the notice to redeem has been determined in Donahue v. O’Conor, 45 Super Ct. 278, and this is conceded by the counsel for the respondent. The case therefore stands as if no notice to redeem had ever been given, but this circumstance, under the doctrine of Clarke v. The Mayor (supra), does not render the sale invalid. The relator therefore was not entitled to the relief prayed for. Upon the present appeal, however, the point was raised that the amount tendered to the clerk of arrears was sufficient not only for the payment of the taxes with interest as required by statute, but also for the redemption of the premises from the sale, and that consequently redemption should have been decreed. This is controverted by the counsel for the respondent. The determination of the point involves the construction of sections 941 and 943 of the consolidation act in view of the policy of the whole act as regards redemption, and if it were necessary to make such determination, the question involved would be an intricate and serious one. But I do not think that it is necessary. The point was not raised below and should not be entered on appeal for the first time against the objection of the respondent.
The application of the relator was that the respondent should be compelled to receive payment and to deliver receipted bills of the taxes, etc. That application is somewhat inconsistent with and antagonistic to an application to redeem. The first denies and ignores the rights of the purchaser, while the second respects them. The one requires a tender of money to the corporation of the city of New York in payment of taxes, the other a tender of money “ to the use of the purchaser.” This being so, the relator should have amended her applica *185 tion, if that could have been done, so as to be in a position to claim redemption. Such amendment was not applied for, nor was the court below requested in any way to order redemption.
In no aspect of the case therefore can it be held that there was error in refusing redemption.
The order should be affirmed with costs.
Sedgwick, Ch J.,and Truax,J., concurred.