PEOPLE *ex rel.* LEWIS & FOWLER MANUF'G CO. *v.* McGUIRE, Registrar.

*(City Court of Brooklyn, General Term.* December 22, 1890.)

1. TAX-SALES—INVALIDITY—ARREARAGE ASSESSMENTS.

Under Laws N. Y. 1883, c. 114, § 1, providing that the assessors shall publish a general notice requiring the owners and all others having liens on or interested in lands affected by arrearages of taxes, assessments, or water-rates to present to the board within 90 days their objections to any tax, etc., or any reason for the reduction or remission of any arrearages, the holders of tax-leases are not bound to come in and prove the validity of their leases.

2. SAME—CANCELLATION OF LEASES—RIGHTS OF PURCHASER.

Under Laws N. Y. 1883, c. 114, requiring the assessors to certify to the registrar of arrears an amount to be assessed in lieu of all arrearages for which invalid sales have been made, the owner who pays this substituted assessment cannot have the sales upon which leases have been given to the purchaser canceled upon the records in the registrar's office.

3. SAME—RIGHTS OF OWNER.

Such owner is, however, entitled to have entered on the records of the registrar of arrears a memorandum showing that, as between him and the city, the assessments for which the property was sold were included in the certificate of the board of assessors of the arrearages to be paid in lieu of such former assessments.

Application by the Lewis & Fowler Manufacturing Company, as relator, for *mandamus* to compel John C. McGuire, registrar of arrears of the city of Brooklyn, to cancel upon the records in his office the water-rates for the years 1870 and 1871, and a sewer assessment, upon the premises owned by relator, and also to cancel the sales for their non-payment, and the certificates issued thereon. Writ denied, and relator appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*David Barnett,* for appellant. *Almet F. Jenks,* for respondent.

CLEMENT, C. J. This was an application for a *mandamus* to compel the registrar of arrears of this city to cancel, discharge, and mark paid, canceled, and discharged upon the records in his office, the water-rates of the years 1870 and 1871, and a sewer assessment, on premises owned by the relator, and also to cancel alleged sales for their non-payment, and the certificates granted and issued thereupon. The property in question was sold in 1875 to one D. H. Goodrich, and leases were issued to him. It is not denied by the respondent that the sales for the unpaid water-rates and sewer assessment were invalid; but this admission does not bind Mr. Goodrich. The assessors, pursuant to chapter 114 of the Laws of 1883, fixed and certified to the registrar of arrears an amount to be assessed upon the property of the relator, in lieu of all arrearages, which included all taxes, assessments, and water-rates unpaid for which sales had been made, and which sales were, for any reason, invalid. The court at special term denied the application for the writ of *mandamus* and the relator appeals.

We are of opinion that the relator was not entitled to all the relief asked for. He was not entitled to a *mandamus* commanding the registrar to cancel the sale, for the reason that leases had been given to the purchaser, and by section 21 of title 8 of the charter of 1873 (which was in force at the time of the sales in question) the registrar of arrears was bound to keep a record of all sales made for assessments, taxes, and water-rates. It is sought by this proceeding to compel the registrar to remove from his books the evidence of the sales, in a proceeding where the parties who hold the leases have no opportunity to be heard. We do not think, as claimed by the counsel for the appellant, that the rights of parties who held tax-leases were affected by the notice given under section 1 of chapter 114 of the Laws of 1883. The assessors were required to publish a general notice "requiring the owner or owners of all land in said city affected by any arrearages of taxes, assessments, or water-rates, and all other persons having any interest in or lien

upon such lands, to present in writing to said board, within ninety days after the passage of this act, their objections to any tax, assessment, or water-rates so in arrears, and any reason why any part of such arrearages should be reduced or remitted." Parties holding tax-leases were not bound to come in under such a notice and prove the validity of their leases.

It is contended that the cases of *People* v. *Cady*, 51 N. Y. Super. Ct. 316, and *Clementi* v. *Jackson*, 92 N. Y. 591, are in point; but, in so far as in this proceeding it is sought to cancel the tax-leases, we think that they have no application. In the *Clementi Case, supra,* a new tax had been levied in place of an invalid one, on which a sale had been made. Clementi sought to compel the registrar to receive the new tax, in which the purchaser had no interest. In the case of *People* v. *Registrar*, 114 N. Y. 19, 20 N. E. Rep. 611, Judge FOLLETT says: "*Mandamus* is the proper remedy to compel the defendant to receive the taxes and cancel the sale; and the purchaser, not having received a conveyance, is not a necessary party thereto." We deduce from the foregoing decisions this principle: that the property owner may pay a tax or assessment even though the premises have been sold for the non-payment of such tax or assessment, provided the city cannot show, as against the property owner, that the sale is valid. If no lease has been given, the sale may be canceled, because the purchaser is simply an assignee of the tax. If the lease has been delivered, the sale cannot be canceled, because the lessee is not before the court, and because he has no redress against the city. *Coffin* v. *City of Brooklyn*, 116 N. Y. 159, 22 N. E. Rep. 227. The relator was entitled to have entered on the records of the registrar of arrears a memorandum showing that, as between the relator and the city, the water-rates and the sewer assessment were included in the certificate of the board of assessors. Such an entry the relator is entitled to, and no more; and the books of the registrar of arrears should otherwise remain as they are. The order denying a *mandamus* should be reversed, and the motion granted, without costs, in the form suggested in this opinion.