(5 Misc. Rep. 190.)

### LESTER v. MACDANIEL.

(Superior Court of New York City, Special Term. September, 1893.)

MANDAMUS—TO ACCEPT STREET ASSESSMENT.

Where property has been sold to enforce a street assessment thereon, but the sale is invalid because of irregularities, the clerk of arrears will be compelled by mandamus to accept from the owner the amount of the assessment.

Application by Mary H. Lester for a writ of mandamus to compel Osborne Macdaniel, collector of assessments and clerk of arrears of the city of New York, to accept the amount of an assessment on property of relator for widening Sixth street, to enforce which assessment the property had been sold. Granted.

J. C. Shaw, for relator.
Vanderpoel, Cumming & Green, for assignee of purchaser.

McADAM, J. It appears from the undisputed facts that the assessment was confirmed by the supreme court January 20, 1868, but was not entered in the records of assessments confirmed, kept in the

office of the clerk of arrears, till March 17, 1868, before which time it did not become a lien on the property. Consolidation Act, § 915; Laws 1871, c. 381, § 1; Laws 1821, c. 149, § 3. The advertisement of sale required the payment of the assessment, with interest from January 20, 1868, and by this means the city exacted an amount of interest in excess of what was legally due, and the sale was, in consequence, invalidated. In re Willis, 30 Hun, 13. Another irregularity was in not fixing a day certain for the payment of the money required to redeem. Consolidation Act, § 941; Laws 1871, c. 381; Donahue v. O'Conor, 45 N. Y. Super. Ct. 278; Willis v. Gehlert, 34 Hun, 566. In Clarke v. Mayor, etc., 55 N. Y. Super. Ct. 259, the question as to excessive interest arose between the city and the purchaser, and the court held that he was not bound to pay the excess, and should have relied on his legal rights. People v. Cady, (Super. N. Y.) 6 N. Y. Supp. 546, relates to the failure to give proper notice to redeem after the sale, the invalidity of which notice left open to the owner the right of redemption. These two cases do not affect the question, in the form it arises here. It is to be remembered that a proceeding to sell for nonpayment of taxes and assessments, being one to divest title to property without the consent of the owner, is in derogation of the common law, and must be strictly pursued. O'Donnell v. McIntyre, 37 Hun, 615.

Next, as to the remedy invoked. The court of appeals has held that mandamus is an appropriate proceeding to compel the clerk of arrears to receive the assessment, with interest, in a case like the present, (see Clementi v. Jackson, 92 N. Y. 591,) for, as the court in that case said:

"The proceeding is not for an adjudication upon the title, but is a matter wholly between the relator and the respondent, to compel the latter to perform a statutory duty, the effect of which, in case of dispute, must be determined thereafter."

See, also, People v. Cady, 50 N. Y. Super. Ct. 399, 99 N. Y. 620.

The court makes no adjudication setting aside the sale, or lease, (see People v. McGuire, [City Ct. Brook.] 12 N. Y. Supp. 703,) and gives no direction further than was done in the Jackson Case, 92 N. Y. 591,—to require the clerk of arrears to accept the amount of the assessment, with interest, leaving the purchaser to pursue whatever remedy he elects to take, respecting the matter. Application for mandamus granted.