In the Matter of Supplementary Proceedings for the Collection of a Tax from L. ADLER BROTHERS AND COMPANY, Appellant.

JOHN B. HAMILTON, as Treasurer of Monroe County, Respondent.

TAX — SUPPLEMENTARY PROCEEDING TO COLLECT — NOT BARRED BY IMMATERIAL ERROR IN TAX WARRANT OR OBJECTION THAT TAX IS EXCESSIVE IN AMOUNT. An order directing the treasurer of a corporation to appear before a referee to be examined concerning its property in a supplementary proceeding under section 259 of the Tax Law (L. 1896, ch. 908) for the collection of a tax levied upon the personal property of the corporation cannot be vacated upon the ground that the assessment upon which the tax was levied was excessive in amount where the corporation did not present such objection at the time an opportunity for reviewing assessments was given, and the assessment was made and the tax levied without any objection by the corporation; nor can it be vacated upon the ground that the warrant issued by the county treasurer for the collection of the tax was void and the subsequent proceedings, therefore, void for the reason that the warrant directed the collector to collect the

tax with six per cent additional besides his fees, whereas the charter of the city in which the tax was assessed and levied authorized him to collect five per cent and interest at the rate of twelve per cent per annum additional, where the collector did not collect the tax because the corporation refused to pay it, not because of the error of the county treasurer, but upon the ground that the tax was excessive in amount, an objection that was then untenable.

*Matter of Adler Brothers & Co.*, 76 App. Div. 571, affirmed.

(Argued March 17, 1903; decided April 7, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 28, 1902, which affirmed an order of Special Term denying a motion to vacate an order for the examination of the appellant herein in supplementary proceedings.

This proceeding for the collection of a county tax levied for the year 1900 on the personal property of L. Adler Brothers and Company was commenced June 7, 1902, by the service of an order directing the treasurer of the corporation to appear before a referee to be examined concerning its property. The corporation thereupon procured an order, made by Mr. Justice DAVY, requiring the county treasurer upon whose application said order of June seventh was made, to show cause why said order should not be vacated and set aside, alleging in the affidavit presented upon said application :

*First.* That the oath of the assessors attached to the assessment roll was defective.

*Second.* That the statute prescribing the form of the assessment roll was not followed and that this corporation was assessed upon its personal property, not upon its capital stock, as the statute requires.

*Third.* That the warrant issued by the county treasurer herein was void, and the subsequent proceedings, therefore, void, for the reason that said warrant, issued April 15, 1901, directed the collector to collect the amount of the tax with 6% additional, besides his fees, whereas the charter of the city of Rochester authorized him to collect on that date only 5% additional, besides his fees, and thereafter interest in addition at the rate of 12% per annum, or 1% per month.

The Special Term denied the motion to vacate the original order and its decision was affirmed at the Appellate Division. Thereafter the latter court granted leave to appeal to the Court of Appeals, and certified the following questions of law for review :

*First.* Does the omission of the words " or corporation " from the oath of the assessors attached to the assessment roll herein invalidate the tax against L. Adler Brothers and Company ?

· *Second.* Is the taxation of L. Adler Brothers and Company, as it appears upon the assessment roll herein, fatally defective as to form or substance ?

*Third.* Can L. Adler Brothers and Company, in this proceeding, raise the objections which are made to the validity of this assessment ?

*Fourth.* Is the warrant issued by the county treasurer for the collection of the tax herein substantially defective ? If so, is the return made by the collector in this case sufficient, notwithstanding such defect, to enable this proceeding to be maintained ?

*Isaac Adler* for appellant.   The warrant issued by the county treasurer for the collection of the tax herein was substantially defective for the reason that said warrant, issued April 15, 1901, directed the collector to collect the amount of the tax with six per cent additional, besides his fees, whereas the charter of the city of Rochester authorized him to collect on said date five per cent additional besides his fees.   The warrant being void, the return made by the collector must likewise be void, and this proceeding cannot be maintained. (L. 1880, ch. 14, § 119; *Stroud* v. *Butler*, 18 Barb. 327; *Matter of Willis*, 30 Hun, 13; *Lester* v. *McDaniel*, 5 Misc. Rep. 190; *Frederick* v. *Dorn*, 66 App. Div. 97; *People* v. *Hagadorn*, 104 N. Y. 516; *Poth* v. *Mayor, etc.*, 151 N. Y. 16; *Clarke* v. *Hallock*, 16 Wend. 607; *Bank of Utica* v. *City of Utica*, 4 Paige, 399; Cooley on Taxation, 296; *Shattuck* v. *Bascom*, 105 N. Y. 39; *Wallingford* v. *Fiske*, 24 Me.

19

386.)   The omission of the words " or corporation " from the oath of the assessors attached to the assessment roll herein invalidates the tax against L. Adler Brothers & Co.   (*People v. McGloin*, 91 N. Y. 241 ;  *People ex rel.* v. *Matsell*, 94 N. Y. 179 ;  *People ex rel.* v. *Cummings*, 166 N. Y. 110 ;  *City of Rochester* v. *Coe*, 25 App. Div. 300 ;  *Palmer* v. *Stumph*, 23 Ind. 329 ;  *Van Rensselaer* v. *Witbeck*, 7 N. Y. 517 ;  *Hinckley* v. *Cooper*, 22 Hun, 253 ;  *Inman* v. *Coleman*, 37 Hun, 170 ;  *Bradley* v. *Ward*, 58 N. Y. 401 ;  *Merritt* v. *Village of Portchester*, 71 N. Y. 309.)   The taxation of L. Adler Brothers & Co., as it appears upon the assessment roll herein, is fatally defective as to form and substance.   ( *Whitney* v. *Thomas*, 23 N. Y. 281 ;  *Nat. Bank* v. *City of Elmira*, 53 N. Y. 49 ;  *City of Rochester* v. *Town of Rush*, 80 N. Y. 302 ;  *Matter of N. Y. C. Protectory*, 77 N. Y. 342 ;  *Æ. Ins. Co.* v. *Mayor, etc.*, 153 N. Y. 331 ;  *D. Mfg. Co.* v. *Newell*, 15 R. I. 234 ;  *People ex rel.* v. *Bd. of Assessors*, 9 N. Y. S. R. 467 ;  *People ex rel.* v. *Cheetham*, 45 Hun, 6 ;  *People ex rel.* v. *Barker*, 141 N. Y. 251 ;  *N. E. Co.* v. *McNamara*, 50 N. Y. 653.)  The objections made by appellant to the validity of its assessment are properly raised in this proceeding.  (*Inman* v. *Coleman*, 37 Hun, 170 ;  *Van Rensselaer* v. *Witbeck*, 7 N. Y. 517 ;  *Bradley* v. *Ward*, 58 N. Y. 401 ;  *Shattuck* v. *Bascom*, 105 N. Y. 39 ;  *Westfall* v. *Preston*, 49 N. Y. 349 ;  *Bassett* v. *Wheeler*, 84 N. Y. 466 ;  *Cruger* v. *Dougherty*, 43 N. Y. 107 ;  *Trowbridge* v. *Horan*, 78 N. Y. 439 ;  *Hilton* v. *Fonda*, 86 N. Y. 339 ;  *Stewart* v. *Crysler*, 100 N. Y. 378.)

*William De Graff* and *J. Warrant Castleman* for respondent.   The omission of the words " or corporations " from the assessors' oath annexed to the assessment roll does not invalidate the tax.  ( *Van Rensselaer* v. *Witbeck*, 7 N. Y. 517 ;  *Brevort* v. *City of Brooklyn*, 89 N. Y. 128 ;  *Shattuck* v. *Bascom*, 105 N. Y. 39 ; *Hinckley* v. *Cooper*, 22 Hun, 253 ;  *Inman* v. *Coleman*, 37 Hun, 170 ;  *B. & S. L. R. R. Co.* v. *Supervisors*, 48 N. Y. 93 ;  *Parish* v. *Golden*, 35 N. Y. 462 ;  *People ex rel.* v. *Dederick*, 161 N. Y. 195.)   The appellant

cannot, in this proceeding, raise the objections which are made
to the validity of this assessment. (*Matter of Corwin*, 135
N. Y. 247; *People ex rel.* v. *Coleman*, 107 N. Y. 541; *People ex rel.* v. *Feitner*, 44 App. Div. 239; *People ex rel.* v.
*Feitner*, 72 App. Div. 45; *U. S. T. Co.* v. *Mayor, etc.*, 144
N. Y. 488; *B. & S. L. R. R. Co.* v. *Supervisors*, 48 N. Y.
93; *Trustees, etc.,* v. *Davis*, 31 N. Y. 574; *Happy* v. *Mosher*,
48 N. Y. 313; *Mayor, etc.,* v. *Davenport*, 92 N. Y. 604;
*Matter of McMahon* v. *Palmer*, 102 N. Y. 176.) The
objection that the tax is not collectible because the warrant
issued by the county treasurer to the collector required him to
collect an amount in excess of that permitted by law, in that
the rate of interest charged was six per cent instead of five
per cent, and that the return made by the collector was after
twenty days from the date of said warrant, is not ground for
invalidating the tax. (*Matter of Veith*, 165 N. Y. 204;
*Matter of Conklin*, 36 Hun, 588.)

PARKER, Ch. J.   The board of supervisors of the county of
Monroe, in the year 1900, levied upon the property of L.
Adler Brothers and Company, a corporation, a tax amounting
to $446.28.   The appellant corporation has urged that the tax
was not duly levied, but we agree with the argument and
determination of the Appellate Division that this contention
is not well founded, and rest our conclusion that the tax was
duly levied upon the opinion of that court.

Upon this review the appellant strongly urges further that
the warrant issued by the county treasurer for the collection
of the tax was void, and that the collector's return thereof
uncollected furnished no basis for this proceeding, which is
a supplemental proceeding for the collection of the tax, and is
authorized by section 259 of the General Tax Law (Ch. 908,
Laws 1896).   In *Matter of City of Rochester* v. *Bloss* (77 App.
Div. 28) it was held that the requirement of the statute that a
warrant for the collection of the taxes shall be issued under the
hand of the mayor and the seal of the city of Rochester is man-
datory; and hence that a warrant issued without the seal is void,

and payment of taxes thereunder cannot be enforced. That case was subsequently affirmed by this court. (173 N. Y. 646.) The learned counsel for appellant insists that that case is an authority for his contention that the warrant in this case is void, upon which premises he bases his further contention that there has been no proper return of the tax as uncollected to the county treasurer, and hence he was not in a position at the time of the commencement of these proceedings to institute them. But we have reached a contrary conclusion and will, as briefly as we may, assign the reasons inducing it.

As we have already stated, this tax was duly levied and the warrant for the collection of this and other assessments was issued to the county treasurer in the form required by statute. But L. Adler Brothers and Company did not pay the tax; and so the county treasurer made out a special warrant to collect the uncollected taxes in the fifth ward in Rochester, and delivered it to a collector requiring him to collect the taxes within 20 days from its date. He made the mistake, however, of requiring him to collect the tax with 6% additional, whereas he was only entitled to collect 5% and, in addition, interest thereafter at the rate of 12% per annum, or 1% per month.

This error would have resulted, had the tax been collected, in taking from the delinquent taxpayer, according to the appellant's counsel, a few dollars more than was due. The collector, however, did not collect the tax, for the corporation refused to pay it, basing its refusal, not upon the error of the county treasurer in demanding too much by way of interest, but upon the ground that the tax was excessive. If the objection had been put upon the ground now made the county treasurer could, and doubtless would, have issued a new warrant free from the fault of the first one. Instead, as we have seen, it rested its objection upon the ground that the assessment was excessive in amount, a position which at the time the objection was made was untenable, because the assessment had been legally made and all opportunity for reviewing it had been passed. The cor-

poration had been presented with the opportunity of making the objection that it was excessive when it could have been made with effect and enforced, if true, but that time was allowed to pass by, and when the collector asked for the payment of the tax the objection was without force and the county treasurer was bound, the taxes having been returned uncollected, to proceed in supplementary proceedings, as authorized by section 259 of the General Tax Law. That section authorizes an application to the court for the institution of proceedings supplementary to execution — as upon a judgment docketed in the county — for the purpose of collecting such tax, with the fees and interest authorized by law, whenever a tax exceeding ten dollars in amount is returned uncollected for want of personal property out of which to collect the same. That is precisely this situation. A valid uncollected tax was returned on the ground that no personal property had been discovered out of which payment could be made.

The case presented, then, is not one where the property of the taxpayer has been sold in pursuance of a warrant exacting too much interest, but one where no harm whatever has resulted to the taxpayer, who refused payment; and it would seem to be unfortunate indeed if the error in the warrant barred a subsequent proceeding of a different nature taken for the purpose of enforcing the payment of a tax which it is not claimed was invalidated or in any wise affected by that error.

Appellant's counsel cites several cases in this state which he urges support his contention.

In *Clark* v. *Hallock* (16 Wend. 607) the collector sold the property of the plaintiff, under a school district warrant commanding the collector to levy a tax in the same manner as on executions issued by a justice of the peace, after the statute had been so amended as to exclude that provision; and it was held that the process was void.

In *Stroud* v. *Butler* (18 Barb. 327) the collector sold property after the expiration of the time limit in the warrant issued to him by the trustees of a school district, which war-

rant also authorized him to collect an amount of fees in excess of that authorized by the statute. The court said it was unable to distinguish the case in principle from *Clark* v. *Hallock* (*supra*), and then held that the judgment of the justice of the peace in favor of the plaintiff was right, because the warrant was not against the plaintiff, and, therefore, furnished no justification for taking the plaintiff's property under the circumstances proved before the justice.

In *Matter of Willis* (30 Hun, 13) a motion was made to set aside a sale of land for the non-payment of an assessment vacated upon the ground that illegal interest was included in the amount for which the lot was sold, and the motion was granted on the ground that a sum for interest was charged without lawful authority and when no right existed.

In *Lester* v. *Macdaniel* (5 Misc. Rep. 190) the clerk of arrears was commanded by mandamus to accept the amount of an assessment, with the interest authorized by statute, in a case where the situation was analogous to that in *Matter of Willis*.

In *People* v. *Hagadorn* (104 N. Y. 516) the assessment was not legally made, inasmuch as the board of supervisors — instead of computing and entering in the roll, in a column opposite the valuation of the real and personal property, the amount of the tax levied thereon — signed the roll and attached the collector's warrant thereto and delivered it to the supervisor of the town, without first extending the tax, and, instead, authorizing the supervisor to compute and enter the amount of the tax afterward, which he subsequently did and then delivered the roll to the collector. And it was necessarily held that the roll and warrant were fatally defective, and that a return of non-payment of the taxes so levied conferred no authority upon the state comptroller to sell, as he did, the land thus taxed.

In *Frederick* v. *Dorn* (66 App. Div. 97) the defendant, a school district collector, sold certain pine lumber and a wagon belonging to plaintiff, and in an action for conversion he attempted to justify under a school district warrant which limited voluntary payments to a period of two weeks instead

of 30 days, as provided by the statute, and it further appeared that after a considerable portion of the tax had been collected the trustee, upon being asked to renew the warrant, changed the tax list by reducing the assessments of certain persons, which changes were apparent on the face of the warrant and were known to the collector, and it was held that the warrant was void.

It will be observed that in all these cases except two there was an actual sale of the property under a defective assessment or a defective process, and the protection of the party affected required the court to apply and enforce the general rule that in proceedings to sell property for non-payment of taxes — being proceedings to divest title to property without the consent of the owner and, therefore, in derogation of common law — the requirements of the statute authorizing the proceedings must be strictly pursued. Of the two cases which are exceptions — in one, *Lester* v. *Macdaniel* (*supra*), the clerk of arrears was simply compelled by a mandamus to accept the amount actually due ; and in the other case (*Matter of City of Rochester* v. *Bloss*, *supra*) in the original warrant by which authority to collect taxes was conferred a mandatory provision of the statute relating to its execution was not complied with.

There is no authority, therefore, which requires us to hold that a direction by a county treasurer to a collector appointed by him to collect too much interest renders the warrant issued void ; and hence we are in position to make practical application of the doctrine asserted by us in a recent case in which we said : "The trend of the decisions has been to require substantial performance of the provisions of the tax laws, and to import into them nothing that is not required in express terms. A more stringent rule is of necessity applied in reference to taxes levied upon the lands of non-residents and in proceedings for a sale of lands for taxes where the question of jurisdiction is involved." (*Matter of Veith*, 165 N. Y. 204.)

This was said in a case where, as in this one, a motion had

been made to vacate an order issued in supplementary proceedings to collect taxes in the city of Rochester and it appeared that no formal return had been made. The warrant was found in the possession of the county treasurer and upon it there was a notation in lead pencil: "Not pay." At the time the supplementary proceedings were instituted the collector was dead and there was nothing of record to show that such notation was made by him. Veith insisted that the command of the statute that the collector "return such warrant within 20 days after the date thereof" was not shown to have been complied with, and hence there was no authority for taking the further step in the direction of collecting taxes from a delinquent taxpayer, known as supplementary proceedings. The court held that, notwithstanding the direction of the statute, a formal return by the collector of the warrant issued for the collection of a tax was not necessary and that the return actually made was sufficient.

In the case before us the return was made with formality and care, but the warrant did, as we have seen, contain an error. The county treasurer's authority to issue a warrant is to be found in the charter of the city of Rochester which provides that "It shall be the duty of the said county treasurer * * * to issue so many warrants as he shall deem proper, under his hand, each directed to any person whom he may see fit to appoint as collector of the taxes specified in such warrant, commanding such person, as such collector, to levy the amount of said tax, and an additional amount of five per cent, and also interest at the rate of twelve per cent per annum. * * * After the return of any warrant the county treasurer, if he deem expedient, may issue a second or subsequent warrant for the taxes still remaining unpaid." (§ 119, ch. 14, Laws 1880.) The statute does not limit the treasurer to the issue of one warrant; indeed, he may issue several if necessary in order to collect the tax; and no special formalities of execution are required as in the case of a warrant annexed to the roll, it being sufficient for the treasurer to deliver to a collector under his hand a warrant specifying the amount of the tax to

be collected and 5% in addition, with interest at the rate of 12% per annum after the 15th of April, together with his fees.

This executive act looking to the enforcement of a valid tax should not be subject to the rigid rules that the courts have felt bound to apply where property has been actually taken without that due procedure which the legislature has deemed necessary for the protection of rights and property, when, as in this case, the error has not resulted to the prejudice of the delinquent taxpayer, which did not refuse payment because of the error, but on the ground that the amount of the tax was excessive.

Such a ruling accords with that made in the *Veith* case, in which the court recognized and enforced the existence of the distinction between the class of cases relied upon by the appellant, and cases of the character of the *Veith* case and the one now to be decided.

We answer the questions certified to us as follows:

*First.* Does the omission of the words " or corporation " from the oath of the assessors attached to the assessment roll herein invalidate the tax against L. Adler Brothers and Company?　A. No.

*Second.* Is the taxation of L. Adler Brothers and Company as it appears upon the assessment roll herein fatally defective as to form or substance?　A. No.

*Third.* Can L. Adler Brothers and Company in this proceeding raise the objections which are made to the validity of this assessment?　A. No.

*Fourth.* Is the warrant issued by the county treasurer for the collection of the tax herein substantially defective? If so, is the return made by the collector in this case sufficient, notwithstanding such defect, to enable the proceedings to be maintained?　A. The first sentence in the question is answered in the negative. The last is not answered.

It follows that the order must be affirmed, with costs.

O'BRIEN, BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Order affirmed.