this in the exercise of reasonable care, if an additional number of men had been employed. Clearly, if this pole had been piked by a dozen men, and had been permitted to fall in the street, the plaintiff might have been injured by the rebound quite as well as under the facts disclosed. Of course, if the proper and established method of lowering telephone or other poles carrying electric wires was to bring them down gradually, by the use of "dead men" and a large number of pike poles, it might be negligent for the defendant to fail to provide a sufficient number of men to lower these poles in the regular way; but if it was customary to let these poles fall —and this is clearly suggested by the plaintiff's own testimony—it is difficult to see how the defendant could be charged with negligence because this particular pole, after it had been permitted to fall, and after it had fallen just as it was expected to fall, happened to rebound in a manner which was not anticipated by any of those engaged in the employment. How could the defendant know that this particular pole would rebound differently from others? The judgment and order appealed from should be reversed, and new trial granted; costs to abide the event.

JENKS, J., concurs.

SHATZKIN, Respondent, v. HARKOVY, Appellant. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Action by Nathan J. Shatzkin against Jacob Harkovy. No opinion. Appeal from judgment of the Municipal Court dismissed, with costs.

SHAW et al., Respondents, v. UPTON et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 4, 1905.) Action by Theodore A. Shaw and others against Eli M. Upton and another. No opinion. Judgment and order affirmed, with costs.

SHEARER, Respondent, v. YOUNG, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 25, 1905.) Action by Benson H. Shearer against John C. Young. No opinion. Judgment affirmed, with costs.

SHEEHAN, Respondent, v. MARTIN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Action by Dennis E. Sheehan against Joseph Martin and others. W. J. Martin, for appellants. A. G. Todd, for respondent. No opinion. Judgment affirmed, with costs. (99 App. Div. 620)

SHELDON, Appellant, v. SHELDON, Respondent. (Supreme Court, Appellate Division, Third Department. November 22, 1904.) Action by Wright Sheldon against King A. Sheldon.

PER CURIAM. Judgment affirmed, with costs, on the ground that the plaintiff waived the alleged defect in the collector's warrant by not objecting to the defects now urged, and on the authority of Matter of Alder Bros. & Co., 174 N. Y. 287, 66 N. E. 929.

SHIRKEY, Respondent, v. FISK, Appellant. (Supreme Court, Appellate Division, Second Department. January 13, 1905.) Action by Clayton G. Shirkey against William Fisk. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

SHORT, Respondent, v. WIBBEN, Appellant. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Action by Thomas M. Short against Henry C. Wibben. No opinion. Judgment of the Municipal Court affirmed, with costs.

SHULTZ, Appellant, v. KELLY et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 1, 1904.) Action by Harry L. Shultz against Catherine T. Kelly and others.

PER CURIAM. Order reversed on argument, with $10 costs and disbursements, and motion denied, with costs, on the ground that the moving papers disclose no facts authorizing the appointment of a receiver.

SIEPERMANN, Appellant, v. CEDAR ST. M E. CHURCH, Respondent. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Action by Frederick Siepermann against the Cedar Street Methodist Episcopal Church. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

SIGERIST, Respondent, v. UNION RY. CO. OF NEW YORK CITY, Appellant. (Supreme Court, Appellate Division, First Department. December 9, 1904.) Action by Joseph Sigerist against the Union Railway Company of New York City. F. A. Gayner, for appellant. J. C. Robinson, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including costs, to the sum of $4,158.75, in which event, judgment, as so modified, and order, affirmed, without costs.

SIMONS v. SOBEL. (Supreme Court, Appellate Division, First Department. January 13, 1905.) Action by Edward Simons against Frederick C. Sobel. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

SIMONS v. STANTON. (Supreme Court, Appellate Division, First Department. January 13, 1905.) Action by Edward Simons against James Stanton. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

SIRE, Appellant, v. LONG ACRE SQUARE BLDG. CO., Respondent. (Supreme Court, Appellate Division, First Department. January 20, 1905.) Action by Henry B. Sire against the Long Acre Square Building Company. M. Greenburg, for appellant. W. V. Rowe, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.