(77 App. Div. 28.)

CITY OF ROCHESTER v. BLOSS.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. TAXATION—COLLECTION OF UNPAID TAX — DEFENSES — OMISSIONS FROM ROLL.
    In proceedings under Laws 1880, c. 14, § 82, to collect an unpaid personalty tax for a certain year, it was no defense that the assessors had omitted from the roll for that year a number of persons taxable for personalty, since, if the taxpayer was dissatisfied with the assessor's conduct, he should have pursued the remedy given by chapter 269, prescribing the mode of certiorari for the review of illegal assessments.

2. SAME—VALIDITY OF WARRANT—SEAL.
    Rochester City Charter, § 86, directs that there shall be annexed to the assessment roll a warrant under the hand of the mayor and seal of the city, etc. Held, that a warrant unsealed was void.

3. STATUTES—TITLE—SUBJECT—LOCAL BILLS.
    An act amending the charter of a city is a local bill, within Const. art. 3, § 16, providing that no private or local bill shall embrace more than one subject, which shall be embraced in the title.

4. SAME—SUBJECT.
    Laws 1901, c. 200, was entitled "An act to amend the charter of * .* * Rochester, 'relative to expenses incident to improvements,'" and the act amendatory thereof (Laws 1901, c. 719) was entitled "An act to amend and consolidate therewith the several acts in relation to the charter of said city, 'relative to expenses incident to improvements.'"

The body of the acts attempted to legalize all assessments. Const. art. 3, § 16, provides that no local bill shall embrace more than one subject, which shall be embraced in the title. *Held*, that the statutes were unconstitutional, as embracing a subject not included in the title.

McLennan, J., dissenting.

Appeal from special term, Monroe county.

Proceedings by the city of Rochester, under Laws 1880, c. 14, § 82, as amended, against Joseph B. Bloss, to enforce payment of a tax. From an order refusing to set aside an order requiring defendant to appear before a referee to be examined as to his property, he appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Isaac Adler, for appellant.

William A. Sutherland, for respondent.

DAVY, J. This is an appeal from an order of the special county judge of Monroe county refusing to set aside an order granted by said judge requiring the appellant to appear before a referee to be examined as to his property. The proceedings were instituted under section 82, c. 14, of the Laws of 1880, for the collection of an unpaid tax upon personal property of the appellant for the year 1899. There were four grounds urged by the appellant before the special county judge why the order should be vacated and set aside, namely: First, that the assessors of the city of Rochester omitted from the tax roll for the year 1899 a very large number of persons taxable for personal property; second, that the affidavit of the assessors attached to the assessment roll was materially defective; third, that the warrant annexed to the assessment roll was not under the seal of the city of Rochester, as required by section 86 of the charter of said city; fourth, that no effort was made to collect the tax, and no return was ever filed.

If the appellant was displeased with the action of the assessors of the city of Rochester in omitting from the assessment roll for the year 1899 a large number of persons taxable for personal property, he should have instituted proceedings by certiorari to review the actions of the assessors, and had the errors corrected. The statute (chapter 269, Laws 1880) prescribes the mode of certiorari for the review of assessments illegal, erroneous, or unequal. This mode furnishes an adequate remedy to the taxpayer to correct the errors of the taxing officers, and, no doubt, was intended by the legislature to be the exclusive remedy; but where there is a want of jurisdiction in the taxing officer over the person and subject-matter, to impose a tax, the assessment is void, and the jurisdictional defect may be raised in any proceeding to collect the tax. United States Trust Co. v. City of New York, 144 N. Y. 488, 39 N. E. 383; People v. Parker, 117 N. Y. 86, 22 N. E. 752.

The question next under consideration involves the inquiry whether the requirements of the statute as to the seal are mandatory or directory. If the former, then the warrant is defective. If merely directory, then the omission is not fatal. The city charter (section

86) expressly directs that there shall be annexed to the assessment roll a warrant, under the hand of the mayor and the seal of the city of Rochester, commanding the city treasurer to collect from the several persons named in the assessment roll the several sums levied as taxes in the columns of such roll. If such a law was merely directory, then warrants for the collection of taxes would be as valid without a seal as with one. Every mayor whose duty it is to sign the warrant, and attach the seal of the city thereto, would be at liberty to omit any one of the statutory requirements. One mayor might conclude that the ceremony of attaching a seal was idle and useless. Another might think that the warrant would be sufficient with a seal, and that the name of the mayor would therefore be superfluous. Another might reach the conclusion that all of these requirements of the law were unnecessary, and omit them altogether. Under such a system, how would the officer into whose hands the warrant was delivered for execution know whether he would be protected in enforcing the collection of taxes? When the statute provides that a seal shall be used, the court has no power to adjudge that the mayor's signature to the warrant without the seal is sufficient. The seal is as essential under the law as the signature of the mayor, and in its absence the warrant must be held to confer no power upon the officer to whom it is directed. The statutory requirements can only be satisfied by signing and sealing the warrant. These requirements are mandatory, and a failure on the part of the official whose duty it is to issue the warrant to comply with the law in that respect renders the warrant void. The warrant, therefore, issued under the hand of the mayor, but without the seal of the city of Rochester, was void, and the collection of appellant's tax for the year 1899 cannot be enforced in these proceedings.

Lockwood v. Gehlert, 127 N. Y. 241, 27 N. E. 812, was an action of ejectment to recover possession of a parcel of land. Defendant claimed title under a tax lease purchased at a tax sale, which was regular in form, except that there was no seal to the certificate, as required under the statute. Judge Vann, in discussing the necessity of a seal, in his opinion, said:

"It is contended that the seal is unnecessary, and that the provision for its use is merely directory. It is mandatory in form, for the statute commands that the comptroller 'shall, under his hand and seal, certify to the fact.' If not mandatory as to the seal, is it mandatory as to the signature? If the courts, by construction, may dispense with the one, why may they not dispense with the other, or with both?"

Smith v. Randall, 3 Hill, 495; Clason v. Baldwin, 152 N. Y. 204, 210, 46 N. E. 322.

It is urged by the learned counsel for the respondent that these defects were cured by chapter 200 of the Laws of 1901, as amended by chapter 719 of the Laws of 1901. If these statutes are constitutional, the regularity of the proceedings referred to, under the city charter, must be upheld. It will be seen that there are two curative statutes: the title of the first being "An act to amend the charter of the city of Rochester, 'relative to expenses incident to improvements,'" and that of the second, "An act to amend and to consolidate therewith the several acts in relation to the charter of

said city, 'relative to expenses incident to improvements.'" The titles of both of these acts relate to "expenses incident to improvements." Article 3, § 16, of the state constitution, expressly provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." The amendment of the charter of the city of Rochester was local, within the meaning of the constitution. People v. O'Brien, 38 N. Y. 193; People v. Hills, 35 N. Y. 449; Gaskin v. Meek, 42 N. Y. 186; In re Goddard's Estate, 94 N. Y. 548. The act has no force ·beyond the corporate limits of that city, and is therefore confined to a particular locality.

The next question is whether any subject is contained in the act not embraced in the title. If an act of the legislature, local or private in character, embraces two or more distinct subjects, or embraces but one subject, and the title does not express the subject, the act must be held void, as a violation of a positive requirement of the constitution. People v. Hills, supra; People v. Allen, 42 N. Y. 419; People v. Briggs, 50 N. Y. 553; Mayor, etc., of City of New York v. Manhattan Ry. Co., 143 N. Y. 22, 37 N. E. 494; Tingue v. Village of Port Chester, 101 N. Y. 302, 4 N. E. 625. The purpose and object of the legislature in passing the act are to be judged by the body of the act itself and the great objection to the validity of the law is that the legislature has, in the body of the act, sought to legalize every general tax or local assessment upon any property, real or personal, in the city of Rochester; and these subjects are not expressed or indicated in the title of the bill. In the enactment the legislature has entirely lost sight of the limitation and subject expressed by the title. The title must give the subject expressed in the act. Here the only subject suggested by the title is the amendment of the charter of the city of Rochester "relative to expenses incident to improvements." A person reading this title would have no clue whatever to the contents of the body of the act, which attempts to legalize every general tax or local assessment in the city of Rochester. The subject-matter of the act is foreign to that indicated by the title. Therefore the act is unconstitutional.

This conclusion makes it unnecessary to consider the other questions raised by the learned counsel for the appellant, and requires that the order appealed from be reversed, with $10 costs and disbursements to the appellant.

SPRING and HISCOCK, JJ., concur. WILLIAMS, J., concurs in result. McLENNAN, J., dissents. ·