LINTON v. WANKE.

(Supreme Court, Special Term, Suffolk County. December 12, 1908.)

1. TAXATION (§ 421*)—ASSESSMENT ROLL—DESCRIPTION—SUBDIVISIONS.
   Where premises are assessed for taxation as nonresident lands by description, a certificate showing whether the lands were subdivided or whether the assessors were unable to obtain information as to such subdivisions was essential to a valid assessment.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 421.*]

2. TAXATION (§ 431*)—ASSESSMENT ROLL—SEAL.
   Under Code Civ. Proc. §§ 27, 28, providing that the seal of the county is that kept by the county clerk, which is different from the seal of the board of supervisors specified in Laws 1892, p. 1795, c. 686, § 235, an assessment roll required to be sealed by the county seal by Tax Law (chapter 908, p. 816, Laws 1896) § 56, was void where it was sealed by the seal of the board of supervisors.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 431.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by Julia A. Linton against Charles L. Wanke. Decree for plaintiff. Affirmed in 117 N. Y. Supp. 1139.

Percy L. Housel, for plaintiff.

James Moffett (Nathan Ballin, of counsel), ·for defendant.

JAYCOX, J. The plaintiff seeks in this action to have canceled and set aside a deed made by the county treasurer of Suffolk after a sale for unpaid taxes for irregularities in the assessment and proceedings prior to such sale. The premises are assessed as nonresident lands by a description, but there is no certificate showing whether said lands are subdivided or not, or whether the assessors were unable to obtain correct information as to such subdivisions. This is essential to a valid assessment. Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932. The warrant annexed to the assessment roll is not under the seal of the county as required by section 56 of the tax laws (chapter 908, p. 816, Laws 1896), but is sealed with the seal of the board of supervisors. The seal of the county is described by sections 27 and 28 of the Code of Civil Procedure as the seal kept by the county clerk. That there is a plain distinction between the county seal and the seal of the board of supervisors is shown by section 235 of the county law (chapter 686, p. 1795, Laws 1892), where they are both mentioned as separate and distinct seals. This being so, the warrant is attested by the wrong seal, and this it seems to me is equivalent to the entire omission of a seal as the proper seal is omitted. This apparently under the decisions renders the assessment void. Matter of City of Rochester, 77 App. Div. 28, 79 N. Y. Supp. 236, affirmed 173 N. Y. 646, 66 N. E. 1105; City of Rochester v. Fourteenth Ward Co-operative Building Lot Ass'n, 183 N. Y. 23, 31; 75 N. E. 692.

As these errors render the assessments void, I see no occasion to pass upon the other points raised by plaintiff.

Plaintiff is entitled to judgment as prayed for in the complaint, with costs.