(93 Misc. Rep. 239)

### WILLIS v. CITY OF ROCHESTER et al.

(Supreme Court, Trial Term, Monroe County.  January, 1916.)

**1.** CARRIERS ⊕⟳12(1)—STREET CAR FARE—STATUTORY RESTRICTION—OPERATION.

Railroad Law (Consol. Laws, c. 49) § 181, by which a corporation operating a street railroad is restricted to the collection of a single fare of five cents per passenger between any two points within the city, providing the ride is over its own road or roads operated by it or under its control, does not apply in the case of extraordinary extension of the city limits by the annexation of a village through the medium of narrow connecting links several miles long.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7, 15–20;  Dec. Dig. ⊕⟳12(1);  Street Railroads, Cent. Dig. § 151.]

**2.** CARRIERS ⊕⟳18(6)—STREET CAR FARE—STATUTORY REGULATION—ENFORCEMENT—INJUNCTION—CONSTITUTIONAL QUESTION.

Where, in a stockholders' suit to enjoin the enforcement of Rochester City Charter (Laws 1907, c. 755) § 636, subd. 2, as amended by Laws 1915, c. 359, § 7, restricting a street railway company to the collection of a single fare of five cents per passenger between any two points within a city, it appears doubtful whether such statute is not violative of Const. art. 3, § 18, forbidding the Legislature to grant a charter for a street surface railway without the consent of the local authorities, and further appears that without a temporary injunction plaintiff will suffer irreparable loss, and that the injunction can be so guarded that no material injury will result if the statute be ultimately held valid, a temporary injunction will be granted on condition that the companies shall operate the road and give each passenger a claim check for the fare collected in excess of that prescribed by the charter amendment, which claim shall be payable on demand if the statute be held valid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 13, 16–18, 20, 24;  Dec. Dig. ⊕⟳18(6).]

**3.** STATUTES ⊕⟳120(2, 5) — TITLE AND SUBJECT-MATTER — CITY CHARTER — AMENDATORY ACT.

Under Const. art. 3, § 16, providing that no private or local bill shall embrace more than one subject and that shall be expressed in the title, a city charter may contain any provision relating to the city government, and an act amending such charter and reciting in full the title of the original act, without restriction or limitation, may contain any subject which might have been contained in the original act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 169, 170;  Dec. Dig. ⊕⟳120(2, 5).]

**4.** CONSTITUTIONAL LAW ⊕⟳48—CONSTRUCTION OF STATUTES—VALIDITY.

Every presumption should be indulged in favor of the validity of a statute, and it should be upheld unless it is clearly unconstitutional.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46;  Dec. Dig. ⊕⟳48;  Statutes, Cent. Dig. § 56.]

**5.** CONSTITUTIONAL LAW ⊕⟳45—SUPREMACY OF CONSTITUTION—ENFORCEMENT.

The Constitution is a fundamental law of the state, and its supremacy, when justly invoked, must be enforced by the courts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42;  Dec. Dig. ⊕⟳45.]

Injunction by Henry Willis, as stockholder, etc., in the Rochester Electric Railway Company, against the City of Rochester and others. Temporary injunction granted.

⊕⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph W. Taylor, of Rochester, for plaintiff.
Benjamin B. Cunningham, of Rochester, for defendant city.
Daniel M. Beach, of Rochester, for defendant railroads.

SAWYER, J.   This is an action brought by plaintiff, as a stockholder in the Rochester Electric Railway Company, on behalf of himself and all other stockholders similarly situated, and of said railway company, to have subdivision 2 of section 7 of chapter 359 of the Laws of 1915 adjudged unconstitutional and to enjoin its enforcement by the city of Rochester; also to enjoin the defendant New York State Railways from abrogating and canceling a certain lease existing between it and Rochester Electric Railway Company.   Plaintiff now asks for an injunction pending the trial of the action.

Subdivision 2 of section 636 of the charter of the city of Rochester, as amended by chapter 359 of the Laws of 1915, provides in the most precise terms that every passenger upon a street railroad or railroads operating in that city must be carried from any point in the city to his or her destination therein, as in such act extended, for a single fare of five cents.

By section 181 of the Railroad Law a corporation operating a street railroad within any city or village is restricted to the collection of a single fare of five cents per passenger between any two points in such city or village, providing the ride is over its own road or roads operated by it or under its control.

Section 49 of the Public Service Commissions Law (Consol. Laws, c. 48) gives to the commission erected under its provisions full authority to regulate the rates of fare to be charged by street surface corporations throughout the state, and to require two or more such carriers whose lines form a continuous line of transportation to establish joint rates for the transportation of passengers as shall be directed or approved by the commission.   Upon this motion the city contends that this amended section of its charter simply re-enacts these existing laws and provides only for a detail of its city government.

[1] If it be assumed that the matter is ordinarily a detail of city government, there still remains a serious question of fact, namely, whether the annexation by the city of the village of Charlotte, through the medium of two narrow connecting links of territory several miles long, is not an extraordinary extension of the city limits.   If so, the Railroad Law, supra, is not applicable to the situation, and the whole matter would probably be, in absence of this amendment, within the discretionary power of the Public Service Commission above cited. Braffett v. Brooklyn, Q. C. & S. R. R. Co., 204 N. Y. 440, 97 N. E. 888; Hogan v. Long Island R. R. Co., 206 N. Y. 440, 100 N. E. 47; Senior v. New York City R. R. Co., 111 App. Div. 39, 97 N. Y. Supp. 645, affirmed 187 N. Y. 559, 80 N. E. 1120; Willcox v. Richmond Light & R. R. Co., 142 App. Div. 44, 128 N. Y. Supp. 266, affirmed 202 N. Y. 515, 95 N. E. 1141.   That question of fact cannot be here determined; neither can the conclusion of the tribunal to which it is to be submitted be foreseen.

[2, 3] An examination of the phraseology of the amendment under consideration, particularly its reference to two corporations operating

separate connecting railroads (a contingency not contemplated by the General Railroad Law), leads to the thought that those interested in its enactment were doubtful of the character of the city extension, and in this manner sought to forestall the effect of the decisions just noted, as well as possible undesired action by the Public Service Commission. The question is thus squarely presented whether the method they have adopted is within the prohibition of our state Constitution.

Plaintiff insists that it is not only forbidden by section 16 of article 3 of that Constitution, but is in conflict with other prohibitions of both state and national Constitutions; but for the purposes of this motion it becomes necessary to consider only the first of these claims. That this is a local statute is undisputed, and concerning such the constitutional mandate (section 16, supra) is that no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title. The title of the amendatory act under consideration is:

"An act to amend chapter seven hundred and fifty-five of the laws of nineteen hundred and seven, entitled 'An act constituting the charter of the city of Rochester,' generally."

It is well settled that an act which purports to be the charter of a city may contain therein any provision which relates to the city government, and an act amending such a charter, and reciting in full the title of the original act, without restriction or limitation, any subject may be treated under the amendatory act that might have been contained in the original act. New York & L. I. Bridge Co. v. Smith, 148 N. Y. 540, 42 N. E. 1088; Bohmer v. Haffen, 161 N. Y. 390, 55 N. E. 1047. Therefore the real question is whether the Legislature in a local charter may arbitrarily fix the rates of fare of a street surface railroad. That it may do so by a general law is unquestioned and has been done. That it may delegate its powers in this regard is likewise certain as is instanced by the Public Service Commissions Law herein quoted.

It is, however, forbidden to grant a charter for a street surface railroad without the consent of the local authorities of the city or village where it is to operate (State Constitution, art. 3, § 18), and, as is customarily done, it has for convenience heretofore delegated its authority in that respect as far as relates to this city to the city itself, which is empowered to grant such franchises upon such terms as it deems proper. Laws of 1907, c. 755, § 253. The city has accordingly from time to time granted franchises to various railroad companies to use its streets for their business purposes, and under the provisions thereof has regulated and controlled their operation, including the rates of fare charged.

That the Legislature also might have empowered the city to fix rates of fare to be charged by such railroads already existing in annexed territory, subject of course to review as to the proper exercise of such authority, is also quite likely. All these things are an exercise of delegated governmental function, relate to city affairs, and may legitimately be included in a charter under its general title. The difficulty here,

157 N.Y.S.—52

however, is that the Legislature does not delegate, nor pretend to delegate, its function for the city's action or discretion as its needs may require under guise of a local charter and charter title; it, together with the enactment of subjects rightfully included therein, assumes to exercise its own power without reference to the wishes or demands of the city. Whether this is an invasion of the restrictive command of section 18 of article 3 of the state Constitution is not here for determination, but that it presents a grave question for consideration cannot be doubted. City of Rochester v. Bloss, 77 App. Div. 28, 79 N. Y. Supp. 236, affirmed 173 N. Y. 646, 66 N. E. 1105; Economic Power & C. Co. v. City of Buffalo, 195 N. Y. 286, 88 N. E. 389; Tommasi v. Archibald, 114 App. Div. 838, 100 N. Y. Supp. 367; People v. O'Brien, 38 N. Y. 193; Parfitt v. Ferguson, 159 N. Y. 111, 53 N. E. 707; Ferguson v. Ross, 126 N. Y. 459, 27 N. E. 954; People ex rel. City of Rochester v. Briggs, 50 N. Y. 553.

[4] Every presumption is in favor of the validity of legislative acts, and they are to be upheld unless there is a substantial departure from the original law; the later tendency is to construe this provision liberally rather than to embarrass fair and legitimate legislation by over strictness. People ex rel. City of Rochester v. Briggs, supra; People ex rel. Squires v. Hand, 158 App. Div. 510, 135 N. Y. Supp. 192, 143 N. Y. Supp. 1138.

[5] This proposition urgently submitted by the learned corporation counsel is not to be gainsaid, but, nevertheless, the Constitution is our fundamental law to which all others must give way; when as here its provisions are relied upon, with seeming good reason, the plea is not to be passed over as a "shallow quibble or narrow technicality," but must have full and thoughtful attention by the courts, and, when justly invoked, its supremacy enforced.

Without the temporary injunction here asked for, plaintiff will suffer irreparable loss; upon the other hand, should it be ultimately held that the act in question was competent legislation, such an injunction can be so guarded that no material injury will result to either the defendant city or the traveling public.

Motions are granted, upon condition that the defendant railroad companies, or such of them as shall operate the railroad in the annexed territory, shall give to each passenger from whom the present rate of fare is collected a receipt or claim check for the amount in excess of that prescribed in the charter amendment, such claim payable in cash on demand in event the law in dispute is finally held enforceable.

Ordered accordingly.